# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-925


**LOUISIANA BOARD OF ETHICS**
        **Plaintiff-Appellant**

**VERSUS**


**RALPH WILSON**
        **Defendant-Appellee**

\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 14-C-87-173 B
HONORABLE DEE ANN HAWTHORNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


## JIMMIE C. PETERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and J. David Painter, Judges.

**AFFIRMED.**

Ralph Wilson
Defendant/Appellee
1003 Amulet
Natchitoches, LA 71457
          Defendant/Appellee

Louie Bernard, Clerk of Court
For Natchitoches Parish, La
P.O. Box 476
Natchitoches, LA  71458
          Defendant/Appellee

Alex J. Washington, Jr.
1700 Irving Place
Shreveport, LA  71101
COUNSEL FOR:
          Defendant/Appellee – Ralph Wilson


Kathleen M. Allen
Michael D. Dupree
Tracy M. Barker
Jennifer T. Land
Suzanne Quinlan Mooney
Brett Robinson
Vivian H. Williams
Aaron D. Brooks
P. O. Box 4368
Baton Rouge, LA 70821
COUNSEL FOR:
          Plaintiff/Appellant – Louisiana Board of Ethics

Peters, Judge.

The plaintiff-appellant, Louisiana Board of Ethics (the Board), appeals the trial court's judgment denying the Board's objection to candidacy and request for disqualification of the defendant, Ralph Wilson, who seeks re-election to the Natchitoches Parish School Board in the upcoming November election. Finding no manifest error on the part of the trial court, we affirm the judgment granting the Board's request for penalties and denying the Board's request for disqualification of this candidate.

I.

## ISSUES

We must decide whether the trial court manifestly erred in ordering the defendant to pay a late reporting fee from a previous term while simultaneously refusing to disqualify him from running for re-election to the School Board in the upcoming election.

II.

## FACTS AND PROCEDURAL HISTORY

Mr. Wilson has been an elected member of the Natchitoches Parish School Board since 1987. In 2012, he failed to timely file his prior year's Tier 3 Annual Personal Financial Disclosure Statement pursuant to La.R.S. 42:1124 of the Code of Governmental Ethics. Mr. Wilson received the Board's delinquency notice requiring that the disclosure statement be filed by July 12, 2012. He ultimately complied by filing the statement in November of 2013.

The following month, in December 2013, the Board issued an Order assessing the maximum statutory penalty of $1,500.00 against Mr. Wilson for the late filing of the report. The Order and a letter explaining the process for

submitting the late fee payment, or disputing the assessment, were delivered to Mr. Wilson by certified mail on December 27, 2013. The letter explained that Mr. Wilson had twenty days to pay, request a waiver, or request an appeal of the assessment through the Board, which indicates a deadline of January 16, 2014, to handle the matter. The Board's letter concluded by informing Mr. Wilson that if he did not pay or dispute the assessment of the fee, a lawsuit would be filed in the Nineteenth Judicial District Court "to pursue the collection of the late fees."

The record reflects no further action by the Board during the seven months following the January compliance deadline. On August 21, 2014, Mr. Wilson signed a notice of candidacy seeking to run for another term on the School Board in the November election. The qualifying period ended on August 22, and on August 29, the Board timely filed an objection to the candidacy of Mr. Wilson based upon his allegedly false certification in the notice of candidacy that he did not owe any outstanding fees, fines, or penalties pursuant to the Code of Governmental Ethics. The Board sought not only to enforce its Order for payment of the late fee, it also sought disqualification of Mr. Wilson for re-election.

The Board's objection was heard in the district court on September 2, 2014. Under direct examination by his attorney, Mr. Wilson testified on his own behalf regarding his attempts to comply with the Board's Order in January before qualifying for candidacy in August, and his prior belief that the transaction had been completed by an associate who had been dispatched by him for that purpose. The Board did not contest Mr. Wilson's testimony or cross-examine him at trial. Mr. Wilson did not contest the amount of the penalty, or the fact that it was still owed at the time of trial.

2

On the same day in open court, the trial judge orally enforced the Board's Order against Mr. Wilson for payment of the $1,500.00 late fee, but she denied the Board's objection to Mr. Wilson's candidacy, giving oral reasons for her findings. The trial judge then signed a written judgment decreeing that Mr. Wilson was not disqualified from running for the School Board seat in November and that he was to pay the full amount of the penalty "today." For the reasons below we affirm the judgment, giving the matter our expedited consideration pursuant to La.R.S. 18:1409(A)(1).

III.

**STANDARD OF REVIEW**

An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). A two tiered test must be applied in order to reverse the findings of the trial court. *Mart v. Hill*, 505 So.2d 1120 (La.1987). The appellate court must find from the record (1) that a reasonable factual basis does not exist for the finding of the trial court and (2) that the record establishes that the finding is clearly wrong (manifestly erroneous). *Id.*

Even where the appellate court believes its inferences are more reasonable than the fact finders, reasonable determinations and inferences of fact should not be disturbed on appeal. *Arceneaux v. Domingue*, 365 So.2d 1330 (La.1978). Additionally, a reviewing court must keep in mind that if a trial court's findings are reasonable based upon the entire record and evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as

3

trier of fact it would have weighed that evidence differently. *Housely v. Cerise*, 579 So.2d 973 (La.1991). The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts. *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973).

IV.

## LAW AND DISCUSSION

The Board contends that the trial court erred in not granting its objection to candidacy and in not disqualifying Mr. Wilson for the November election. The record reveals however, that the trial court's findings are reasonable, and under the manifest error standard, we must affirm.

The Board's objection to candidacy is based on La.R.S. 18:492(A)(6)[1] and Mr. Wilson's allegedly false certification in Provision 11 of the notice of candidacy which states (emphasis added): "I do not owe any outstanding fines, fees, or penalties pursuant to the *Code of Governmental Ethics*." The Board asserts that Mr. Wilson's certification in that regard on August 21 was false because he

---

[1] § 492. Grounds for an objection to candidacy

   A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
   . . . .

   (6) The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics as provided in R.S. 18:463(A)(2).

4

had been assessed, and had not paid, a late reporting fine of $1,500.00 from his previous term on the School Board.

Mr. Wilson testified at trial that he had contacted the Board more than once, had provided all information, had made arrangements to resolve the late fee issue in January, and thought the transaction had been completed at that time. He provided specific details regarding these attempts. Mr. Wilson further testified that he had signed qualification forms for every term since 1986, and that he was not aware of new language added after his previous qualification, though he admitted that he did not read every line of the form handed to him by the clerk as he should have. The Board admitted that Mr. Wilson had been very cooperative and further admitted that the form was revised around 2012. The form itself shows a revision date of 12/2012. The Board did not introduce prior forms or testimony to contest Mr. Wilson's testimony, nor did the Board cross-examine Mr. Wilson at trial.

The trial court denied the Board's objection to Mr. Wilson's candidacy in open court and immediately issued a judgment allowing him to pay the penalty. She found that Mr. Wilson's testimony was uncontested, unrebutted, and that the penalty itself was not at issue because Mr. Wilson was willing to pay it. She correctly cited the law's charge on the courts to liberally construe the statutes so as to permit rather than defeat candidacy.

It is well-settled that the laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. *Russell v. Goldsby*, 00-2595 (La. 9/22/00), 780 So.2d 1048. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. *Id*; *Pattan v. Fields*, 95-2375 (La. 9/28/95), 661

5

So.2d 1320. Likewise, a court determining whether the person objecting to candidacy has carried his burden of proof must liberally construe the laws governing the conduct of elections so as to promote rather than defeat candidacy. *Landiak v. Richmond*, 05-0758 (La. 3/24/05), 899 So.2d 535.

The strongest case cited by the Board is *State, Bd. of Ethics v. Darby*, 06-1058 (La.App. 3 Cir. 8/24/06), 937 So.2d 929. While we agree with the findings in that case, it is factually distinguishable as well as legally distinguishable where it was based upon different statutes and different sections of statutes, some of which have been revised six times since *Darby*. More specifically, *Darby* involved a false certification of no outstanding fines, fees, or penalties owed under La.R.S. 18:1484 of the *Campaign Finance Disclosure Act*, and suit was brought pursuant to La.R.S. 18:492(A)(5) for penalties under that Act. The current case is brought pursuant to La.R.S. 18:492(A)(6), which was added by the legislature in 2008, two years after *Darby*, for penalties for failure to file an annual personal financial report under La.R.S. 42:1124 of the *Code of Governmental Ethics*. Thus, the facts and the applicable laws are dissimilar.

In *Darby*, the candidate ran for the State Senate in 2003. In 2004, the Board assessed $1,200.00 in late fees for Darby's failure to file four campaign finance disclosure reports. In 2005, the Board's Order was converted into a Judgment by the 19th JDC. When Darby ran for Sheriff in 2006, the judgment had not been paid, and the Board filed a petition objecting to Darby's candidacy. The trial court orally ruled that the Board had established a prima facie case for disqualification, but then ordered Darby to tender the late fees to avoid disqualification. When Darby paid as instructed, the trial court issued a judgment

6

denying the Board's objection to Darby's candidacy. We reversed, finding that Darby did not successfully rebut the Board's evidence where he simply denied knowledge of a judgment against him. We found that the Board's objection should have been sustained and that disqualification was mandatory, pursuant to the language in La.R.S. 18:494 requiring that once the objection is sustained, "the final judgment shall disqualify the defendant as a candidate."

Conversely here, we find that, while we may have decided the case differently, the trial court was present and in a better position to judge Mr. Wilson's testimony, and she had a reasonable basis for finding that he successfully rebutted the Board's allegations of a false certification. Mr. Wilson's testimony regarding his belief that the penalty issue had been resolved was uncontested by the Board who failed to cross-examine him regarding that belief. In further distinguishing *Darby* which applied the mandatory disqualification statute, in this case, because the trial court did not find that the Board had made a prima facie case, and the Board's objection to candidacy was never sustained, the mandatory disqualification of La.R.S. 18:494 was never triggered.

V.

**CONCLUSION**

Based upon the foregoing, we affirm the trial court judgment in all respects. We assess costs in the amount of $1,059.45 to the plaintiff, the Louisiana Board of Ethics, pursuant to La.R.S. 13:5112.

**AFFIRMED.**

7