DENNIS R. BAGNERIS, SR., Judge.
I,This is an election contest suit. Plaintiff/appellant, Anthony J. Russo, appeals the trial court’s judgment which overruled its previous decision to disqualify the ap-pellee, Lionel Lon Burns, as a candidate of Orleans Parish District Attorney.[2] For the reasons that follow, we affirm.
*379 FACTS AND PROCEDURAL HISTORY
On August 29, 2014, Mr. Russo filed a petition objecting to Lionel Lon Burns as a candidate for Orleans Parish District Attorney. The petition alleged that Mr. Burns had falsely certified on his notice of candidacy form that he had filed his federal and state income tax returns for the previous five years.[3]
At the initial hearing on September 2, 2014, a representative of the Louisiana Department of Revenue testified that the department had no record of state income tax returns from Mr. Bums for the years 2010, 2011, 2012, and 2013.[4] 12Mr. Burns countered that he had retained a tax preparer, Monica Jackson, to prepare and file his tax returns for the disputed years; and that he believed she had timely filed the returns when he qualified for Orleans Parish District Attorney. Mr. Burns submitted records of his purported tax returns into evidence. He requested that the trial court allow him until the following morning to call Ms. Jackson as a witness to verify that the returns had been filed. The trial court denied the request. Thereafter, it rendered judgment in favor of Mr. Russo and disqualified Mr. Burns as a candidate. Mr. Burns appealed. This Court found that the trial court abused its discretion when it denied Mr. Burns’ request to call Ms. Jackson as a witness. Accordingly, we vacated the judgment and remanded the matter to the trial court to allow testimony from Ms. Jackson.[5]
Upon remand, Ms. Jackson stated that she owned a tax and accounting business. She testified that Mr. Burns retained her in early August to prepare and file his tax returns. She maintained that she indeed prepared and filed the returns. Ms. Jackson advised that the returns were placed in a single envelope and mailed to the Louisiana Department of Revenue.
Ms. Jackson averred that the returns were mailed from a post office on Louisiana Avenue in New Orleans. Ms. Jackson acknowledged that she may not have been the one who physically went inside the post office to mail the returns; however, she claimed she drove to the post office with the person from her office who would have gone inside and actually mailed the returns. She explained that |3she has memory lapses because of a diabetic condition. Ms. Jackson went on to identify a United States Postal Service Certificate of Mailing, dated August 15, 2014, that was admitted into evidence. She said she kept this certificate from the post office to document that the tax returns had been mailed and typically retains similar receipts to show to the client. Ms. Jackson also verified that she told Mr. Burns that his returns had been mailed.
In rebuttal, Mr. Russo presented testimony from Helena Shear, a paralegal employed by the law firm for plaintiffs counsel. Ms., Shear said she went to the same post office to mail letters and to obtain certificates of mailing. The certificates of
■⅜ *380 mailing received by Ms. Shear showed postage paid affixed to the certificates, unlike the certificate of mailing introduced into evidence by Mr. Burns.
At the conclusion of the hearing, the trial court determined that the facts presented to the court indicated that Mr. Burns had a good faith belief that he had filed his tax returns when he qualified for office and that he had rebutted the prima facie case for disqualification established by the plaintiff. Accordingly, the court overruled its previous judgment that had granted.plaintiffs objection to Mr. Burns’ candidacy. The effect of the judgment reinstated Mr. Burns’ candidacy.
This appeal followed.
LAW AND DISCUSSION
|4Mr. Russo argues in his assignment of error that the district court committed legal error by essentially rewriting La. R.S. 18:463(A)(2) (a) (iv)[6] to allow Mr. Burns to avoid disqualification premised on Mr. Burns’ belief that “to the best of his knowledge” that he had filed his tax returns. Mr. Russo maintains that the certification requirement of the statute means that a candidate has in fact filed his federal and state tax returns for the previous five years preceding an election. Hence, a candidate’s subjective belief or state of mind has no bearing on disqualification if his certification that his taxes have been filed is indeed false.
Mr. Russo notes that in its previous judgment, the trial judge found that he had met his prima facie burden of proof to disqualify Mr. Burns as the Louisiana Department of Revenue had no record of Mr. Burns’ tax returns and Mr. Burns presented no proof that the returns had been filed. Upon remand, Mr. Russo contends that the testimony of Ms. Jackson and the certificate of mailing introduced into evidence at the remand hearing did not prove that Mr. Burns’ tax returns were actually filed with the Louisiana Department of Revenue. Accordingly, he suggests that because the trial court did not expressly find that Mr. Burns had filed his taxes, it erred as a matter of law in considering Mr. Burns’ state of mind in deciding that he had not made a false certification. We disagree.
|fiMr. Russo’s argument is flawed because La. R.S. 18:492(A)(7)[7] provides for an action to object to candidacy based on false certifications made by the certifying candidate. Therefore, the basis to maintain an action under R.S. 18:492(A)(7) hinges not on whether the taxes were filed, but rather, whether the candidate falsely certified that the taxes were filed.
In order to determine whether a certification was false, courts must consider scienter; that is, knowledge by the representing party that material facts have been knowingly misrepresented with the intent to deceive. Indeed in a related •election contest suit, Louisiana Board Of *381 Ethics v, Wilson, the Third Circuit Court of Appeal, affirmed the judgment of the trial court to not disqualify a candidate for falsely certifying that he had paid an election fine where the candidate believed that the outstanding fine had been paid by an associate.[8] Therefore, we conclude it was not an error of law for the trial court to consider Mr. Burns’ state of mind in deciding if he made a false certification.
Having determined that the trial court did not make an error of law that requires de novo review, we now decide whether the trial court’s decision to overrule the disqualification of Mr. Burns was error.
Our jurisprudence is well-established that for an appellate court to reverse a fact finder’s determinations, the appellate court must find from the record that a | (¡reasonable factual basis does not exist for the finding of the trial court; and the appellate court must further determine that the record establishes that the finding is clearly wrong. Darnell v. Alcorn, 99-2405, p. 6 (La.App. 4 Cir. 9/24/99), 757 So.2d 716, 719. See also Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). Here, Mr. Russo questions the credibility of Mr. Burns’ witnesses and the evidence he admitted at trial. However, courts of appeal must give deference to the trier of fact’s factual findings based on credibility judgments. Scalione v. Juneau, 10-1109, p. 5 (La.App. 4 Cir. 8/4/10), 45 So.3d 191, 195. Even where the appellate court believes its inferences are more reasonable than the fact finders, reasonable determinations and inferences of facts should not be disturbed on appeal. Arceneaux v. Do-mingue, 365 So.2d 1330 (La.1978).
A careful review of the record shows that the trial court had a reasonable basis upon which to find that Mr. Burns truthfully believed that he had in fact filed his taxes when he certified that he had done so. In particular, Ms. Jackson, the tax preparer, testified that she prepared Mr. Burns’ returns; that the returns were mailed to the Louisiana Department of Revenue; and that she told Mr. Burns that the returns had been mailed. Accordingly, the trial court made a finding that the facts as presented suggested that Mr. Burns certified to the best of his knowledge that he had in fact filed his taxes when he qualified for office. Therefore, this Court cannot say the trial court’s findings were manifestly erroneous or clearly wrong.
|7We also note the jurisprudential rule that candidacies for public office are favored and the courts should uphold a candidacy if an interpretation of the laws would promote the candidacy. See Landiak v. Richmond, 05-0758 p. 7 (La.3/24/05), 899 So.2d 535, 541; Becker v. Dean, OS-2493, p. 7 (La.9/18/03), 854 So.2d 864, 869. The record before us and the interpretation of established case law support that Mr. Burns’ candidacy should be upheld.
Wherefore, based on the foregoing reasons, we affirm the judgment of the trial court overruling Mr. Burns’ disqualification and reinstating his candidacy.
AFFIRMED.
BELSOME, J., concurs in the result with reasons.
DYSART, J., concurs for the reasons set forth by Judge BELSOME.
LOBRANO, J., concurs in the result.
*382 McKAY, C.J., dissents.
TOBIAS, J., dissents and assigns reasons.
LANDRIEU, J., dissents for the reasons assigned by McKAY, C.J.

. See Anthony J. Russo v. Lionel Bums, Jr., et al, CDC# 2014-8590.

.La. R.S. 18:492(A)(7) allows for an action objecting to the candidacy of a person who qualified as a candidate in a primary election where “[t]he defendant falsely certified on his notice of candidacy that for each of the previous five years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.”

. Hereinafter, "tax returns” shall reference returns for the years 2010, 2011, 2012, and 2013.

. See Anthony Russo v. Lionel Bums, Jr., et al, 2014-CA-0952 (La.App. 4 Cir. 9/9/14), 150 So.3d 67, 2014 WL 4636409.

. La. R.S. 18:463(A)(2)(a)(iv) provides in part that the notice of candidacy shall also include a certificate by the candidate that "[e]xcept for a candidate for United States senator or representative in congress, that for each of the previous five tax years, he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.”

. La. R.S. 18:492(A)(7) states that an action objecting to candidacy can be based on ”[t]he defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.”

. 14-925 (La.App. 3 Cir. 9/9/14), — So.3d —; 2014 WL 4413227; writ denied, 2014-1908 (La.9/15/14), 148 So.3d 938.