TERRI F. LOVE, Judge.'
| jThis appeal arises from the disqualification of Jason Hughes from the candidacy for the 100th Representative District for the State of Louisiana. The trial court disqualified Jason Hughes because he certified on his qualifying form that he filed his 2010 Louisiana state income tax return when he had not. Jason Hughes contends that he did not possess the malicious intent to deceive when he signed the qualifying form because he possessed an honest belief that he was not required to file a return in 2010. Following the jurisprudence of the Louisiana Supreme Court, we find that the trial court did not err, as the subjective intent of a candidate is irrelevant when determining whether a candidate should be disqualified for certifying that he filed his tax returns in compliance with the qualifying form, when he had not. Therefore, we affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Jason Hughes completed his Notice of Candidacy Qualifying form to become a candidate for the 100th Representative District for the State of Louisiana on September 8, 2015. After filing his sworn form, Mr. Hughes filed an extension for filing his 2014 Louisiana state income tax return. Mr. Hughes then filed ^electronic *1137 returns for 2010, 2011, 2012,[1] on September 16, 2015; The next day, Dérserlene Nixon filed a Petition for Action Objecting to Candidacy against Mr. Hughes and the Honorable Arthur A. Morell seeking to disqualify Mr. Hughes for failing to file his State tax returns for the previous five years. The trial court stated that “the subjective intent of Mr. Hughes must yield to the mandatory provisions of the Internal Revenue Code.” The trial court then granted Ms. Nixon’s petition and disqualified Mr. Hughes from the race for the 100th Representative District for the State of Louisiana. Mr. Hughes’ timely appeal followed.
Mr. Hughes contends that the trial court erred by failing to consider his scienter when he completed the Notice of Candidacy form.

STANDARD OF REVIEW

 Appellate courts review a trial court’s findings of fact utilizing the manifest error or clearly wrong standard of review. Duhon v. Briley, 12-1137, p. 3 (La.App. 4 Cir. 5/23/13), 117 So.3d 253, 257. “Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.” Id.
“Regarding issues of law, the standard of review of an appellate court is simply whether the court’s interpretive decision is legally correct.” Id., 12-1137, p. 4, 117 So.3d at 257-58. “Accordingly, if the decision of the trial court is based upon an erroneous application of law rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court.” Id., 12-1137, p. 4, 117 So.3d at 258.

DISQUALIFICATION

l.qMr. Hughes asserts that he was erroneously disqualified because the trial court failed to consider his subjective intent when he completed his Notice of Candidacy form. Further, Mr. Hughes contends that the Louisiana Supreme Court did not overrule the scienter considerations contained in Russo v. Burns, 14-1008, p. 5 (La.App. 4 Cir. 9/17/14), 150 So.3d 377, 381 (“Burns I ”) and Louisiana Bd. of Ethics v. Wilson, 14-925, p. 7 (La. App. 3 Cir. 9/9/14), 161 So.3d 785, 788.
In order to qualify as a candidate for the 100th Representative District for the State of Louisiana, Mr. Hughes was required to sign a sworn Notice of Candidacy. He attested ■ that the following was true and correct under section 8 of the form:
If I am a candidate for any office other than United States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.
“The person objecting to the candidacy of a person bears the burden of proof.” Louisiana State Bd. of Ethics v. Garrett, 06-0263, p. 8 (La.App. 4 Cir. 3/21/06), 929 So.2d 176, 180. “However, once the party bearing the burden of proof has established a prima facie case, the burden then shifts to the opposing party.” Id.
' Ms. Nixon established a prima facie case to disqualify Mr. Hughes because it is undisputed that his 2010 Louisiana state *1138 tax return was not filed until after the filing of his Notice of Candidacy. The burden then shifted to Mr. Hughes to prove that the information contained in his Notice of Candidacy was “true and correct.” Mr. Hughes asserts that he did not possess the intent to deceive when he completed his Notice of Candidacy because he believed that he did not need to file a state 14income tax return for 2010.
The Third Circuit examined a trial court’s decision not to disqualify a candidate who believed he paid penalties prior to completing the Notice of'Candidacy form. Wilson, 14-925, p. 7, 161 So.3d at 788. The Third Circuit stated that “Mr. Wilson’s testimony regarding his belief that the-penalty issue had been resolved was uncontested by the Board who failed to cross-examine him regarding that belief.” Id. The trial court was affirmed based upon the candidate’s belief. Id. The Louisiana Supreme Court subsequently denied writs.
This Court then relied upon Wilson and determined that the candidate’s subjective intent should factor into the determination of whether .the information contained in the Notice of Candidacy form was “true and correct.” Russo v. Burns, 14-1008, p. 5, 150 So.3d at 381. We held that “it was not an error of law for the trial court to consider Mr. Burns’ state of mind in deciding if he made a false certification.” Id. This Court found that “[a] careful review of the record shows that the trial court had a reasonable basis upon which to find that Mr. Burns truthfully believed that he had in fact filed his taxes when he certified that he had done so,” and affirmed the trial court’s judgment overruling the candidate’s disqualification. Id., 14-1008, p. 6, 150 So.3d at 381.
However, unlike in Wilson, the Louisiana Supreme Court granted writs and reversed this Court in Bums I. The Court found that “[wjithout sending the returns via certified mail or otherwise ensuring them delivery to LDR, Burns could not have known whether or not his tax returns had been filed [2] pursuant to Louisiana regulation when he signed his Notice of Candidacy.” Russo v. Burns, 14-1963, p. |B4 (La.9/24/14), 147 So.3d 1111, 1114 (“Bums II ”) (Emphasis in the original). The Court reversed' this Court and the trial court, and disqualified the candidate. Id.
Mr. Hughes avers that the Supreme Court did not overrule Wilson and Bums ’ examination of the candidate’s subjective intent.[3] The Supreme Court did not overturn Wilson. However, the Supreme Court overturned Bums I. Further, we find no instruction contained in the binding precedent of Bums II that would permit this Court to once.again consider a candidate’s subjective intent in deciding whether to disqualify a candidate who certified that he filed all of his tax returns when, in fact, he had not. As such, we find Bums II controlling and affirm the trial court’s disqualification of Mr. Hughes, as it is undisputed that he had not filed all of his tax returns when he completed the Notice of Candidacy form.

DECREE

For the above-mentioned reasons, we find that the trial court correctly disquali■fied Mr. Hughes for certifying that he filed *1139 his income tax returns when he had not. The judgment of the trial court is affirmed.
AFFIRMED
TOBIAS, J., concurs.
BELSOME, J., concurs in the result.
BONIN, J., dissents with reasons.
LOBRANO, J., concurs with reasons.

. Mr. Hughes contends that he was unemployed for two years, so he did not file for 2011 and 2012.

. The Supreme Court held that returns were not filed unless delivered: Burns, 14-1963, p. 4, 147 So.3d at 1114.

. Mr. Hughes’ testimony presented numerous explanations for his failure to file the 2010 income tax return. " However, because' we find that the Louisiana Supreme Court does not permit the consideration of subjective intent, a discussion of Mr. Hughes’ testimony is pretermitted.