TOBIAS, J.,
concurs.
hi respectfully concur. I write primarily to emphasize that the appeal in this matter is timely.
In pertinent part, La. R.S. 18:1409 states:
C. , In all actions, the trial judge shall render judgment within twenty-four hours after the case is submitted to him and shall indicate the date and time rendered on the judgment. The clerk of the trial court shall immediately notify all parties or their counsel of record by telephone and/or facsimile transmission of the judgment.
D. Within twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal and giving bond for a sum fixed by the court to secure the payment of costs. The clerk of the trial court shall give notice of the order of appeal to the clerk of the court of appeal and to all the parties or their counsel of record. The trial judge shall fix the return day at a time not'to exceed three days after rendition of judgment. [Emphasis supplied.]
In my view, “rendition” of judgment means signing a judgment because Section 1409 D requires the dissatisfied party who *1157 wishes to appeal .to obtain “an order of appeal.” Reading Section 1409 in pari materia with La. C.C.P. art. 2121[1] makes it clear that only a written judgment may be appealed.[2] See Fitzmorris v. Lambert, 382 So.2d 169 (La.1979); Burkett v. Lewis, 42,985 (La.App. 2 Cir.9/21/07), 966 So.2d 718; Davis v. Malveaux, 06-2096 (La.App. 1 Cir. 10/24/06), 946 So.2d 70; Walker v. Rinicker, 29,361 (La.App. 2 Cir. 9/6/96), 681 So.2d 1.
In the case at bar, the trial judge should have actually signed a judgment on the same day that she rendered her decision, which would have alleviated the confusion caused by rendering a decision on one day and signing a judgment on the next. Such would allow the clerk of court to “notify all parties or their counsel of record ... of the judgment.” That is, until a judgment is signed, nothing exists about which to notify. Mr. Crawford appealed within twenty-four hours of the signing of judgment.
As a matter of law,- an amendment to a timely filed petition in an election contest is permitted. In the case before us, the Grahams did not name the proper party-defendant by 4:30 p.m. on 17 September 2016, the statutory deadline.[3] See La. R.S. 18:1406 B. They named “Raymond C. Crawford,” not Ray Crawford, the appellant herein. This is no different from when the wrong person who is not solidarily liable with the person sued; if the wrong person is untimely sued, the claim against the proper party-defendant prescribes. In an election contest where |3all time limits are strictly construed and the time limits shortened dramatically from ordinary lawsuits, it is incumbent upon a plaintiff to name the correct party-defendant. In the case at bar, I do not find the amendments to the original petition by the Grahams filed after 17 September 2015 at 4:30 p.m., which are substantive in nature," to be timely or even permissible. See Lipsey v. Dardenne, 07-1487 (La.App. 3 Cir. 11/29/07), 970 So.2d 1237; Garrison v. Connick, 288 So.2d 681 (La.App. 4th Cir.1974), rev’d on other grounds, 291 So.2d 778 (La.1974); Treadaway v. Plaquemines Parish Democratic Committee, 193 So. 609 (La.App.Orl.1940).
I further feel compelled to comment about my colleague’s dissent in which he asserts, citing his dissent in Nixon v. Hughes, 15-1036 (La.App. 4 Cir. 9/29/15), 176 So.3d 1135, 2015 WL 5708875, that the district court lacks subject matter jurisdiction to entertain a suit challenging a candidate for a seat in the Louisiana Legislature. La. Const. Art. III, § 4 sets forth the qualifications for a member of the legislature: (a) an elector; (b) at least 18 years of age on the date he qualifies for election; (c) residing in Louisiana for two' years preceding his qualifying; and (4) *1158 actually being domiciled for one year in the legislative district from which he seeks election. La. Const. art. III, § 7 says that each house of the legislature is the judge of the qualifications and elections of its members. But La. Const. art. XI, § 1 requires the legislature to adopt an election code that provides “for the conduct of all elections.”
Pursuant to the Article XI mandate, the legislature adopted the Louisiana Election Code, La. R.S. 18:1, et seq. Without going into a detailed analysis of the Code, suffice it to say that the legislature has set up a framework for qualifying for and conducting all elections, including members of the legislature. Thus, the legislature provided a means for a citizen to question whether an individual possessed the qualifications to run for the office of a member of the legislature. Without that statutory authority, in theory, and by way of example, a 10-year-old, a |4non-elector, a non-citizen, or a Louisiana nonresident could qual- • ify and run for the office of a Louisiana legislature member and only after such individual’s election could it be questioned by a house of the legislature. Such is clearly not the intent.
The La. Const. art. III, § 7 provision (judging of the qualifications and elections) is intended to allow a house of the legislature to eject a member for bona fide cause, such as a serious crime. To embrace otherwise would allow a house of the legislature to eject a member because of his religion or his articulation or support of unpopular causes — in other words a supposed “nonconformist.” To think that the third branch of government, the judiciary, cannot provide a check upon the legislature in that regard would be pure bunkum.

. La. C.C.P. art. 2121 states:
An appeal is taken by obtaining an order' therefor, within the delay allowed, from the court which rendered the judgment.
An order of appeal may be granted on oral motion in open court, on written motion, or on petition. This order shall show the return day of the appeal in the appellate court and shall provide the amount of security to be furnished, when the law requires the determination thereof by the court.
When the order is granted, the clerk of court shall mail a notice of appeal to counsel of record of all other parties, to the respective appellate court, and to other parties not represented by counsel. The failure of the clerk to mail the notice does not affect the validity of the appeal. ,

. Unlike a writ application that may be taken from an oral ruling if commemorated by a minute entry or written judgment, an appeal may only be taken from a written judgment. La. C.C.P. arts. 2201 and 2121; Rules 4-3 and 4-5 C(6), Unif. Rules, La. Cts. of App.

. Qualifying for the primary election in this ■case closed on 10 September 2015.