YASHA CLARK & MORGAN WALKER

\*   NO. 2023-CA-0093

\*

VERSUS

COURT OF APPEAL

\*

STEPHANIE BRIDGES AND DARREN LOMBARD, IN HIS OFFICIAL CAPACITY AS CLERK OF COURT FOR THE PARISH OF ORLEANS, STATE OF LOUISIANA AND ROBERT KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE

FOURTH CIRCUIT

\*

STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-01007, DIVISION "B"
Honorable Richard G. Perque, Judge
\* \* \* \* \* \*
**Judge Rachael D. Johnson**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Dale N. Atkins, Judge Rachael D. Johnson, Judge Karen K. Herman, Judge Nakisha Ervin-Knott,)

**DYSART, J., DISSENTS AND ASSIGNS REASONS**
**LOBRANO, J., DISSENTS**
**CHASE, J., CONCURS AND ASSIGNS REASONS**

Megan C. Kiefer
KIEFER & KIEFER
2310 Metairie Road
Metairie, LA 70001


COUNSEL FOR PLAINTIFF/APPELLEE


Madro Bandaries
MADRO BANDARIES, P.L.C.
Post Office Box 56458
New Orleans, LA 70156

Miranda Y. Scroggins
Louisiana Department of Revenue, Legal Division
617 North Third Street
P. O. Box 4064
Baton Rouge, LA 70821--4064

Darleen Marie Jacobs
THE LAW OFFICES OF DARLENE M JACOBS
823 St. Louis Street
New Orleans, LA 70112--3415

Rene' Daniel Lovelace
JACOBS SARRAT LOVELACE & MATTHEWS
823 St. Louis Street
New Orleans, LA 70112

COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**
**FEBRUARY 15, 2023**
**AT 9:50AM**

*RDJ*
*TFL*
*RML*
*PAB*
*DNA*
*KKH*
*NEK*

This is an election suit concerning whether Appellant, Stephanie Bridges, should be disqualified as a candidate for the upcoming election for the office of Orleans Parish Civil District Court Judge, Division "B." Mrs. Bridges seeks review of the February 8, 2023 district court judgment,[1] sustaining the Objection to Candidacy and Petition for Disqualification of Appellees, Yasha Clark and Morgan Walker (collectively "the Appellees").

Upon review of the facts and applicable law of the matter *sub judice*, we affirm.

## Facts and Procedural History

On the morning of January 25, 2023, Mrs. Bridges and her husband Joe L. Bridges (collectively, "the Bridges") visited Mobile Tax, LLC ("Mobile"), a tax preparation business co-owned by Jimmie Brown and Gina Brown, to have their 2021 federal and state taxes electronically filed ("e-filed"). While present there, Mr. Brown informed the couple that their taxes had been e-filed and handed them a letter on Mobile letterhead stating the same before they left his office.

---

[1] The district court rendered two judgments with reasons on February 8, 2023. The latter judgment, the Amended Judgment, was solely rendered to correct the date of judgment contained in the Original Judgment.

1

Approximately an hour later, Mrs. Bridges filed a sworn Notice of Candidacy with the Orleans Parish Clerk of Court, declaring her intent to run for Orleans Parish Civil District Court Judge, Division "B," in the upcoming March 2023 election. The Notice contained the following certification:

> [i]f I am a candidate for any office other than United States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal of state income tax return or both.

The Appellees subsequently filed an Objection to Candidacy and Petition to Disqualify Candidate against Mrs. Bridges, asserting that Mrs. Bridges should be disqualified because she did not file one or more of her federal and/or state tax returns in the last five years.

Trial was held on February 7, 2023. At trial, the Appellees and Mrs. Bridges testified, as well as Ms. Brown and the Assistant Director of the Policy Services Division for the Louisiana Department of Revenue ("LDR"), Emily Toller.

Ms. Toller testified that the LDR annually receives public records requests from different parties around the time of upcoming elections, requesting whether "taxpayers have filed their tax returns for certain years and their individual income tax returns for certain years." The LDR, she explained, will issue standard form letters to the requesters, generated by her supervisor Danielle Clapinski, with the requested information.

During her testimony, Ms. Toller identified an LDR letter, dated January 27, 2023, which stated that the LDR did not have a 2021 tax return on file for Mrs. Bridges. She further identified two LDR letters dated February 6, 2023, addressed

to Mrs. Bridges and Appellees' counsel Megan Kiefer, respectively. Ms. Toller testified that the LDR's response in the letter addressed to Ms. Kiefer states that the LDR did not have Mrs. Bridges' 2021 state tax return on file. However, the letter addressed to Mrs. Bridges, she explained, shows that the 2021 tax returns were on file because the LDR's system had updated by the time a search was conducted in response to Mrs. Bridges' public records request. The three aforementioned LDR letters were admitted into evidence at trial.

Mrs. Bridges testified that on January 19, 2023, she first reached out to Mobile about filing the Bridges' 2021 tax returns. She explained that Mobile has been her tax preparer for 15 years. She maintains that subsequently she and her husband visited Mobile's office and met with Mr. Brown at 9:00 a.m. on the morning of January 25, 2023, specifically for the purpose of ensuring the filing of their tax returns because Mrs. Bridges planned to qualify for a judicial office in Orleans Parish on the same day.

She further testified that she and her husband signed the respective federal and state tax return forms for submission to the IRS and LDR. She and her husband remained at the office until approximately 10:30 a.m., when they were informed by Mr. Brown that their 2021 federal and state taxes had been e-filed, and he handed the Bridges a folder of their e-filed federal and state tax returns. He also gave the Bridges a letter dated January 25, 2023, stating that the couple's 2021 state tax returns were filed electronically. Mrs. Bridges testified that she "knew" her 2021 state tax returns were filed by Mobile when she left the office. Nevertheless, Mrs. Bridges was unable to produce evidence that LDR had in fact received her 2021 state returns by the time she signed her Notice of Candidacy.

Ms. Brown testified that in addition to being the co-owner and manager of Mobile, she also handles all the e-filing for the business. She explained that Mobile's e-filing system involves submitting the IRS and/or state returns through a third party filing center called Tax Wise. She further related "[t]hat company is facilitated to send the returns to both parties -- the state, the IRS, and the state [sic]. And once they facilitate getting that to them, and then they'll acknowledge to me that that return is accepted and completed." She testified that her business partner, Mr. Brown, is an accountant and auditor, who prepared the 2021 federal and state tax returns for the Bridges. The Bridges came into the Mobile office to sign the returns on January 25, 2023, when she e-filed their returns at approximately 10:30 a.m. Ms. Brown testified that Mr. Brown then provided the Bridges with a letter stating that their 2021 federal and state tax returns were e-filed.

Ms. Brown further explained that in e-filing the Bridges' 2021 federal and state tax returns she submitted them to Tax Wise, which is a third party filing center that ultimately e-filed the Bridges' tax returns with the IRS and the LDR, respectively. She related that there is normally a delay between the time Tax Wise receives the returns and the time that it transmits the returns to the IRS and/or LDR. She testified that she did not receive an acknowledgment from Tax Wise that the Bridges' federal and state tax returns were e-filed until the following day, January 26, 2023.

After taking the matter under advisement and allowing the parties to file post-trial memoranda, the district court determined Mrs. Bridges was not qualified to run in the primary election pursuant to La. Rev. Stat. 18:492(A)(1) and La. Rev. Stat. 18:492(A)(7). Accordingly, on February 8, 2023, the district court rendered

4

judgment, granting the Appellees' Petition and disqualifying Mrs. Bridges from the election. This timely appeal followed.

Mrs. Bridges raises two assignments of error: the district court manifestly erred and abused its discretion by finding that Mrs. Bridges did not timely file her tax returns and therefore was not qualified to run in the primary election; and, the district court erred in ignoring the testimony of Ms. Brown of Mobile, who affirmatively testified that she filed Mrs. Bridges tax returns at approximately 10:30 a.m., on January 25, 2023.

Although Mrs. Bridges raises two assignments of error, the crux of this appeal is whether the district court manifestly erred in disqualifying Mrs. Bridges from the upcoming judicial election.

### Standard of Review

"A trial court's findings of fact are reviewed under a manifest error standard of review, and issues of law are reviewed for determination of whether the interpretive decision is legally correct." *Jefferson Fin. Fed. Credit Union v. New Orleans Libations & Distilling Co., LLC*, 22-0123, p. 3 (La.App. 4 Cir. 10/31/22), 351 So.3d 783, 785 (citing *Smith v. Charbonnet*, 17-0634, p. 5 (La.App. 4 Cir. 8/2/17), 224 So.3d 1055, 1059).

The burden of proof in election suits is borne by the party objecting to a person's candidacy. *Nixon v. Hughes*, 15-1036, p. 3 (La.App. 4 Cir. 9/29/15), 176 So.3d 1135, 1137 (quoting *La. State Bd. of Ethics v. Garrett*, 06-0263, p. 8 (La.App. 4 Cir. 3/21/06), 929 So.2d 176, 180). Louisiana law favors candidacy; "[h]owever, once the party bearing the burden of proof has established a prima facie case, the burden then shifts to the opposing party." *Id*.; *see also Landiak v. Richmond*, 05-0758, p. 1 (La. 3/24/05), 899 So.2d 535, 538.

5

## Discussion

Louisiana Revised Statute 18:492, entitled *Grounds for an objection to candidacy*, provides in pertinent part:

> A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
>
> > (1) The defendant failed to qualify for the primary election in the manner prescribed by law.
> >
> > . . . .
> >
> > (7) The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.

In the instant matter, pursuant to the aforementioned certification in her Notice of Candidacy, Mrs. Bridges attested to filing her federal and state tax returns for the previous five years. The Appellees carried their prima facie burden of proof, under La. Rev. Stat. 18:492(A)(7), establishing through Ms. Toller's testimony and LDR's January 27, 2023 correspondence that the LDR had no record of the filing of Mrs. Bridges' 2021 state tax returns by January 27, 2023, two days after Mrs. Bridges' Notice of Candidacy was filed. Moreover, the record reflects that Mrs. Bridges' state tax returns were not recorded in the LDR's system until sometime on February 6, 2023.

Mrs. Bridges argues that the record reflects that Mobile filed her 2021 state tax returns before she signed her notice of candidacy; thus, her certification was not false because she reasonably believed that her taxes had been filed when she

executed her notice of candidacy. She further asserts that the Appellees' reliance on case law involving tax returns filed by mail is misplaced. We disagree.

"Tax returns that have not been delivered to the Louisiana Department of Revenue have not been filed." *Braggs v. Dickerson*, 22-01227, p. 1 (La. 8/13/22), 344 So.3d 63 (citing *Russo v. Burns*, 14-1963, p. 4 (La. 9/24/14), 147 So.3d 1111, 1114). In *Russo,* a candidate hired a tax preparer to prepare and submit his state tax returns for four tax years prior to the scheduled election. 14-1963, p. 2, 147 So.3d at 1113. The tax preparer mailed the candidate's returns via regular mail five days before he qualified for elected office. *Id.* His candidacy was subsequently objected to on the grounds that he falsely certified having filed his state income tax returns for four of the five previous years and, called for his disqualification. *Id.* The Louisiana Supreme Court held that without submitting his returns through certified mail or otherwise ensuring their delivery to LDR, the candidate could not have known whether "his tax returns had been filed pursuant to Louisiana regulation when he executed his Notice of Candidacy." *Id.,* 14-1963, p. 4, 147 So.3d at 1114. In so holding, the Louisiana Supreme Court rejected the candidate's assertion that he believed in good faith that his tax preparer had filed his tax returns and thus, he did not falsely attest to filing his taxes in his Notice of Candidacy. *Id.,* 14-1963, p. 2, 147 So.3d at 1113.

*Russo* and its progeny in this Circuit have set forth that a candidate's subjective belief is not a factor to be considered in election disqualification suits. *See Nixon*, 15-1036, p. 5, 176 So.3d at 1138 (holding that *Russo*'s binding precedent requires that a "candidate's subjective intent in deciding whether to disqualify a candidate who certified that he filed all of his tax returns when, in fact, he had not" be disregarded); *Smith*, 17-0634, pp. 6-7, 224 So.3d at 1059

7

(applying *Russo and Nixon* in finding that a candidate's "lack of intent to deceive based on his good faith reliance on assurances from his CPA that his tax returns had, in fact, been filed, is irrelevant."); *Braggs*, 22-01227, p. 1, 344 So.3d 63 (reasoning that where "nothing in the record evidences the Department of Revenue's actual receipt of the returns," and where the candidate failed to ensure the delivery of his returns, he could not have known whether his tax returns were filed when he signed his Notice of Candidacy).

In the matter *sub judice*, Mrs. Bridges opted to have her state tax returns e-filed and she believed her tax returns were filed when she left Mobile's office to sign her Notice of Candidacy. Unbeknownst to her, however, Mobile's e-filing procedure involved a process that results in a delayed ultimate delivery of her state returns to the LDR because the tax returns were first submitted to Tax Wise, which subsequently transmitted the same to the LDR at an unknown time. As noted above, the record reflects that her state tax returns were ultimately recorded in LDR's system on February 6, 2023. In response to the Appellees carrying their prima facie burden of proof, Mrs. Bridges was unable to submit any proof at trial of actual submission of her taxes to the LDR by January 25, 2023. Indeed, Ms. Brown testified that she did not even receive an acknowledgement from Tax Wise that the Bridges' federal and state tax returns had been transmitted to the IRS and the LDR until January 26, 2023, which is still insufficient to establish that LDR had received them.

A candidate's sole reliance upon verbal and/or written affirmations of their tax preparer, confirming the candidate's tax filing, is insufficient to meet the statutory burden, regardless of the method of tax filing employed. The lack of objective proof of the LDR's receipt of her 2021 state tax returns means that Mrs.

8

Bridges could not have been certain that her taxes had been submitted to the LDR when she executed her Notice of Candidacy. Although the instant appeal involves a different filing method from the above-referenced case law, the issue of the candidate's knowledge of whether her taxes were filed when she signed her Notice of Candidacy remains the same. The onus is on the candidate to ensure the LDR's receipt of his or her tax returns regardless of the filing method.

Lastly, we note that La. Admin. Code tit. 61, pt. I, ch. 49, sec. 4911(B)(4), entitled *File Date of Returns and Other Documents; Payment Dates*, governs e-filing with the LDR and provides:

> Electronically Filed. A return, report or other document filed electronically is deemed filed on the date transmitted to the department or to a third party acting as the department's agent.

Mrs. Bridges was unable to provide any proof of the date her 2021 state tax returns were actually "transmitted" to the LDR. Moreover, it was not established at trial that Tax Wise is a "third party acting as" the LDR's agent. Lastly, Ms. Brown testified that because Mobile uses Tax Wise for its e-filing process it is unknown when Tax Wise actually transmits state returns to the LDR. Thus, she could not state when the LDR received Mrs. Bridges' 2021 state tax returns from Tax Wise.

Finding that the district court did not err in determining that Mrs. Bridges falsely certified that all of her state returns for the last five years had been filed when she signed her Notice of Candidacy, we affirm the district court's judgment disqualifying Mrs. Bridges from the election for Orleans Parish Civil District Court Judge, Division "B."

## DECREE

For the foregoing reasons, we affirm the February 8, 2023 judgment of the district court.

**AFFIRMED**