| KEISHA HENRY AND CEDRIC BRUMFIELD, III | * | NO. 2023-CA-0543 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| RICHARD BELL, SR. AND DARREN LOMBARD IN HIS CAPACITY AS CLERK OF CRIMINAL COURT | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-08400, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Karen K. Herman**
* * * * * *
(Court composed of Chief Judge Terri F. Love, Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Dale N. Atkins, Judge Rachael D. Johnson, Judge Karen K. Herman, and Judge Nakisha Ervin-Knott)[1]

**BELSOME, J., DISSENTS WITH REASONS**
**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**
**LEDET, J., DISSENTS WITH REASONS**
**JENKINS, J., DISSENTS WITH REASONS**
**CHASE, J., CONCURS IN THE RESULT WITH REASONS**
**ATKINS, J., CONCURS**

Devin Jones
JOHN T. FULLER & ASSOCIATES, L.L.C.
909 Poydras Street, Suite 2270
New Orleans, Louisiana 70112

        COUNSEL FOR PLAINTIFFS/APPELLANTS

---

[1] Judge Dysart recused himself in this matter.

Hollis Shepherd
ATTORNEY AT LAW
2221 St. Claude Avenue
New Orleans, Louisiana 70117

COUNSEL FOR DEFENDANT/APPELLEE - RICHARD BELL, SR.


Madro Bandaries
MADRO BANDARIES, P.L.C.
Post Office Box 56458
New Orleans, Louisiana 70156

COUNSEL FOR DEFENDANT/APPELLEE - THE HONORABLE
DARREN LOMBARD, CHIEF ELECTIONS OFFICER AND CLERK OF
CRIMINAL COURT

**REVERSED**
**AUGUST 25, 2023**
**AT 2:40 PM[2]**

---

[2] La. R.S. 18:1409 (F) provides that "[j]udgment shall be rendered within twenty-four hours after the case is argued. The court of appeal shall indicate the date and time rendered on the judgment. The clerk of the court of appeal shall immediately notify all parties or their counsel of record by telephone and/or facsimile transmission of the judgment."

This is an election contest suit. Plaintiffs, Keisha Henry and Cedric Brumfield, III, ("Plaintiffs") appeal the trial court's August 22, 2023 judgment, which denied their Objection to Candidacy and Petition to Disqualify Candidate, Defendant, Richard Bell, Sr. ("Mr. Bell"), for the State Representative House District 99.

For the following reasons, we reverse.

**FACTS AND PROCEDURAL HISTORY**

On August 8, 2023, Mr. Bell filed a sworn Notice of Candidacy form to qualify as a candidate for State Representative House District 99. Paragraph 9 of the form, included the following certification as required by La. R.S. 18:463(A)(2)(a):

> If I am a candidate for any office other than United States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.

On August 17, 2023, Plaintiffs filed an Objection to Candidacy and Petition to Disqualify Candidate alleging that Mr. Bell falsely certified on

his Notice of Candidacy form that he filed tax returns for the years 2018, 2019, 2020, 2021, or 2022.[3]

The matter proceeded to trial on August 21, 2023.[4] At trial, Plaintiffs introduced a copy of the Louisiana Department of Revenue's response to a public records request, providing that Mr. Bell did not file income taxes from 2018 to 2022, and Mr. Bell's Notice of Candidacy form.

Brad Blanchard ("Mr. Blanchard") of the Louisiana Department of Revenue authenticated the department's response to a public records request. He testified that he received a public records request from Plaintiffs' counsel on August 2, 2023. Mr. Blanchard confirmed that Mr. Bell had not filed state income tax returns for 2018, 2019, 2020, 2021, and 2022.

Plaintiffs both testified that they are registered voters in Orleans Parish.[5] Plaintiff, Cedric Brumfield, also stated that the basis for his objection to Mr. Bell's candidacy was that Mr. Bell certified on his Notice of Candidacy form that he failed to file tax returns for the past five years.

Mr. Bell testified that he signed the Notice of Candidacy form and acknowledged Paragraph 9. Mr. Bell stated that his certification on Paragraph 9 was to that portion which provided that he "was not required to file either a federal or state income tax return." He testified that he was not required to file tax returns because he had "no taxable income." He explained that the Internal Revenue Service ("IRS") website indicated that

[3] La. R.S. 18:492(A)(7) permits an action objecting to candidacy of a person who qualified as a candidate in a primary election where "[t]he defendant falsely certified on his notice of candidacy that for each of the previous five years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in La. R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both."

[4] Mr. Bell was not represented by counsel at trial.

[5] Plaintiff, Keisha Henry, testified that she resides in Ward 9, Precinct 7. Plaintiff, Cedric Brumfield, stated he resides in Ward 9, Precinct 5.

he did not have to file taxes.[6] Mr. Bell further stated that he was never informed by the IRS that he was required to file an income tax return.

Mr. Bell testified that he receives "Disability Social Security"[7] and retirement checks from the military and Avondale. He estimated that he receives $2,100.00 from Social Security and $1,547.00 in retirement each month. Mr. Bell further stated that his annual income from 2018 to the present is over $40,000.00. In response to the trial court's questioning, Mr. Bell further testified that he had no documentation from the IRS advising him he did not have to pay taxes.

Mr. Bell called Mary Anna Elizabeth Butler ("Ms. Butler") to the stand.[8] She stated that Mr. Bell is a "permanent volunteer and never paid by the organizations he works with." Ms. Butler indicated that Mr. Bell is a reverend or associate reverend at a church and did not believe he is compensated by the church. She conceded she is not a bookkeeper for the church.

At the conclusion of the hearing, the trial court acknowledged that it did not have any evidence regarding Mr. Bell's income level to establish that he did not have to pay taxes. However, the trial court determined that based on the testimony provided, Mr. Bell "had a good-faith belief that he didn't have to file any taxes on the type of income received." The trial court then

---

[6] Mr. Bell had a print-out from the IRS website's frequently asked questions, which allegedly stated he did not have to file income taxes. The trial court advised that the document was not admissible.

[7] Mr. Bell later explained that "after age 65, it turned from Social Security Disability to regular Social Security." At the time of the hearing, Mr. Bell was 68 years old.

[8] Ms. Butler attempted to testify as to a "tax situation that happened to [her] last year." She stated she only receives Social Security. Thus, her tax return was rejected because she lacked taxable income. However, the trial court sustained Plaintiffs' counsel's objection to this testimony and was advised that she could only testify as to her knowledge of Mr. Bell's income taxes.

denied Plaintiffs' Objection to Candidacy and Petition to Disqualify Candidate.

The trial court executed a judgment to this effect on August 22, 2023. The judgment stated, in pertinent part:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment herein in favor of Defendant, Richard Bell, Sr. against Plaintiffs, Keisha Henry and Cedric Brumfield, III denying Plaintiffs['] Objection to Candidacy and Petition to Disqualify Candidate, Defendant, Richard Bell Sr. The court finds that Plaintiffs failed to make a prima facie case establishing that Defendant had violated paragraph 9 on his Notice of Candidacy (Qualifying Form).

Plaintiffs' timely appeal followed. Plaintiffs assert in this appeal that the trial court erred in declining to disqualify Mr. Bell when: 1) an LDR representative testified that a diligent search of LDR records cannot locate any 2018, 2019, 2020, 2021, and 2022 state income tax returns from Mr. Bell; and 2) Mr. Bell did not produce any documentary evidence, nor any evidence aside from his own self-serving testimony, that he was not required to file returns for those years. As explained more fully below, we find Plaintiffs' assignments of error have merit.

**STANDARD OF REVIEW AND BURDEN OF PROOF**

In *Smith v. Charbonnet*, 2017-0634, p. 5 (La. App. 4 Cir. 8/2/17), 224 So.3d 1055, 1058-59, this Court outlined the standard of review and burden of proof in election suits, as follows:

> Appellate courts review a trial court's findings of fact under the manifest error or clearly wrong standard. *Nixon v. Hughes*, [20]15-1036, p. 2 (La. App. 4 Cir. 9/29/15), 176 So.3d 1135, 1137. "Regarding issues of law, the standard of review of an appellate court is simply whether the court's interpretative decision is legally correct." *Id*. "[I]f the decision of the trial court is based upon an erroneous application of law rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court." *Id*.
> . . . .
> "The person objecting to the candidacy of a person bears the burden of proof." *Nixon*, [20]15-1036, p. 3, 176 So.3d at

4

1137. "Although Louisiana law favors candidacy, once an objector makes a prima facie showing of grounds for disqualification, the burden shifts to the defendant to rebut the showing." *Russo* [*v. Burns*], [20]14-1963, p. 4 [(La. 9/24/14)] 147 So. 3d [1111][,]1114.

**DISCUSSION**

Based on the record before us, we find that Plaintiffs carried their burden of proof under La. R.S. 18:492(A)(7). Mr. Blanchard testified to and produced documentary evidence that there was no record that Mr. Bell filed a Louisiana tax return from 2018 to 2022. This Court has considered such evidence to be sufficient for a plaintiff to establish a *prima facie* case in similar election contest cases. *See Smith,* 2017-0634, pp. 5-6, 224 So.3d at 1059; *Irvin v. Brown*, 2017-0614, pp. 5-7 (La. App. 4 Cir. 7/28/17), ___ So.3d ____, ____, 2017 WL 3205858, at *3.[9]

Having found that Plaintiffs presented a *prima facie* case to disqualify Mr. Bell, the burden of proof shifted to Mr. Bell to rebut the showing and prove that the attestations made on his Notice of Candidacy form, *i.e.*, he was not required to file a tax return for the prior five years. The trial court record demonstrates that Mr. Bell failed to present any documentary evidence to show that he had no taxable income and was, therefore, not required to file a tax return for the years in question. Moreover, we find that Mr. Bell's testimony regarding his "belief" (based on what he read on the IRS public website and based on the fact that he was never informed by the IRS that he was required to file a tax return) that he was not required to file a return for the years in question, is insufficient to rebut Plaintiffs' *prima facie* case.

---

[9] The Louisiana Supreme Court denied writs. *See Irvin v. Brown*, 2017-1327 (La. 8/2/17), 222 So.3d 720.

This Court addressed a similar issue in *Irvin*, 2017-0614, p. 2, ___ So.3d at ____ 2017 WL 3205858, at *1, where plaintiffs' objected to the candidacy of Mr. Brown, asserting that he falsely certified on his Notice of Candidacy form that he had filed his state and federal income taxes or was not obligated to file taxes, in contravention of La. R.S. 18:463(A)(2)(a)(iv). Mr. Brown acknowledged at trial that he had no evidence to show that he filed state income tax returns for 2015 and 2016, and he had no documentary evidence to establish that he was not required to file a tax return.

The trial court found that plaintiffs did not make a *prima facie* showing, and ruled in favor of Mr. Brown. On appeal, this Court reversed, stating:

> Once Plaintiffs established a prima *facie case* to disqualify Mr. Brown, the burden of proof shifted to Mr. Brown to prove that the attestations made in his Notice of Candidacy form were true—specifically, that he did not file tax returns because he was not required to do so. Mr. Brown did not dispute these facts; instead, he merely asserted—without any documentary proof—that he was not required to file tax returns for the years 2015 and 2016. Mr. Brown also admitted that [his company] A.J.A. made "some money" and received compensation. We find these admissions, coupled with the fact that he did not present any documentary evidence to show he was not required to file taxes, were insufficient evidence to rebut Plaintiffs' *prima facie* case.

*Irvin,* 2017-0614, pp. 6-7, ___ So.3d at ____, 2017 WL 3205858, at *3.

In *Smith*, plaintiffs introduced records from the LDR demonstrating that the LDR could not confirm the filing of Mr. Charbonnet's 2015 and 2016 state tax returns. At trial, Mr. Charbonnet presented no evidence that his 2012 and 2016 tax returns had been "filed," as defined by LDR regulation, when he completed the Notice of Candidacy form. The trial court denied plaintiffs' petition, finding that Mr. Charbonnet "had no intent to falsely certify." *Smith*, 2017-0634, p. 4, 224 So.3d at 1058.

6

On appeal, this Court reversed, finding that based on the LDR records, plaintiffs "presented a *prima facie* case to disqualify Mr. Charbonnet." Thus, "the burden then shifts to Mr. Charbonnet to prove that the information contained in his Notice of Candidacy was true and correct." *Id*. at. p. 5, 224 So.3d at 1059. This Court further found that:

> Based on Mr. Charbonnet's failure to rebut Plaintiffs' showing that his 2012 and 2016 tax returns were not delivered to LDR and, therefore, were not "filed," Mr. Charbonnet's lack of intent to deceive based on his good faith reliance on assurances from his CPA that his tax returns had, in fact, been filed, is irrelevant. *See Nixon*, [20]15-1036, p. 5, 176 So.3d at 1138.

*Id*. at p. 6, 224 So.3d at 1059.Under the circumstances presented in *Smith*, we concluded that "it was an error of law for the trial court to consider Mr. Charbonnet's state of mind in deciding whether he made a false certification." *Id*. at pp. 6-7, 224 So.3d at 1059-1060.

Based on our thorough review of the record in the present case, and considering the applicable jurisprudence, we find that the trial court erred in finding that Plaintiffs failed to make a *prima facie* showing of the grounds for Mr. Bell's disqualification. We also find that Mr. Bell failed to rebut that showing.

**DECREE**

For the foregoing reasons, we reverse the trial court's judgment, grant Plaintiffs' Petition to Disqualify Candidate, and disqualify Mr. Bell from candidacy for State Representative House District 99.

**REVERSED**