PER CURIAM.
| ¶ This writ concerns whether defendant, Lionel Burns, Jr., must be disqualified from candidacy for the office of Orleans Parish District Attorney. For the reasons articulated below, we find the defendant falsely certified having filed his Louisiana individual income tax returns for the years 2010-2013, and, therefore, is disqualified from candidacy under Louisiana law.
On August 20th, 2014, Burns filed a signed and notarized Notice of Candidacy form which included the following certification as required by La. R.S. § 18:463(A)(2)(a):
If I am a candidate for any office other than United States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.
Plaintiff, Anthony J. Russo, brought this lawsuit on August 29th, 2014, asserting Burns had falsely certified having filed his state income tax returns for four of the five previous years and, therefore, must be disqualified as a candidate for office pursuant to La. R.S. § 18:492[1] and La. R.S. 18:494(A).[2]
12At trial on September 2, 2014, Russo introduced correspondence to and from the Louisiana Department of Revenue (LDR) *1113 in which he requested Burns’s tax returns for 2008-2013, and LDR replied it had no tax returns on file for Burns for the years 2010-2013. Additionally, a representative of LDR testified at trial and confirmed he had performed a diligent search but could find no record of any income tax returns filed by Burns since 2009. The trial court asked LDR to perform an updated search, and LDR verified it still had no record of any filings for the disputed years as of September 2, 2014.
*1112 Disqualification: When an objection to a candidacy is sustained on the ground that the defendant failed to qualify for the primary election in the manner prescribed by law, that the defendant failed to qualify for the primary election within the time prescribed by law, or that the defendant does not meet the qualifications for the office he seeks, the final judgment shall disqualify the defendant as a candidate in the primary election for the office for which he failed to qualify properly.
*1113 Burns admitted at trial he had previously been aware of the potential problems regarding his filing status. Because of these concerns, he stated he had hired a tax preparer, Melissa Jackson, in August to file his income tax returns. After the lunch break at trial, Burns produced copies of records purportedly showing his tax returns which had been prepared. Burns asserts he believed in good faith that Jackson had filed his tax returns for him in early August, and therefore, did not make any false certifications on his Notice of Candidacy. Burns requested he be allowed to call Jackson as a witness on the following morning.
Initially, Burns’s request to allow Jackson to testify in a second day of the hearing was denied by the trial court, which cited the expedited nature of hearings launder the Louisiana Election Code. The trial court disqualified Burns as a candidate, finding Russo had established a pri-ma facie case which had not been effectively rebutted. Burns appealed. The Fourth Circuit remanded in order to allow Jackson’s testimony. Anthony Russo v. Lionel Bums, Jr., et al, 2014-CA-0952 (La.App. 4 Cir. 9/9/14), — So.3d —, 2014 WL 4636409.
On remand, Jackson testified to having prepared Burns’s tax returns in August of 2014. She acknowledged she may not have been the one to physically go inside the post office on Louisiana Avenue in New Orleans; however, she claimed she drove to the post office with the person from her office who would have mailed the returns. She testified to having memory lapses due to her diabetic condition. A United States Postal Service “Certificate of Mailing”- dated August 15th, 2014 was admitted into evidence. Jackson said she kept this certificate to document the tax returns had been mailed, in accordance with her normal custom. She did not send the returns via certified mail. She verified she told Burns his returns were mailed.
Russo presented rebuttal testimony from a paralegal employed by his counsel’s law firm, Helena Shear. Shear said she went to the same post office to mail letters, The certificates of mailing received by Shear and introduced into evidence showed postage paid affixed to the certificates, unlike the certificates of mailing introduced into evidence by Burns.
Additionally, Russo directed the trial court to LDR’s regulations regarding filing of income tax returns, found in La. Admin. Code tit. 61, pt. I, § 4911(B)(1):
Delivery by the United States Postal Service. A return, report or other document in a properly addressed envelope with sufficient postage delivered by the United States Postal Service is deemed filed on the date postmarked by the United States Postal Service. [Emphasis added].
Russo argues this provision shows LDR regulation unambiguously states income tax returns are not filed until they have been delivered to LDR.
The trial court determined Bums certified “to the best of his knowledge” that |4he had in fact filed his taxes. Finding Burns submitted sufficient evidence to rebut the prima facie case established by plaintiff, the trial court overruled the plaintiffs objection to Burns’s candidacy, effectively reinstating his qualification. *1114 The Court of Appeal affirmed in a split decision.
We find the lower courts erred as a matter of law in not looking to the unambiguous language regarding filing provided by LDR’s regulations. “Filing” of tax returns is clearly defined under regulation: “A return, report or other document in a properly addressed envelope with sufficient postage delivered by the United States Postal Service is deemed filed on the date postmarked by the United States Postal Service.” La. Admin. Code tit. 61, pt. I, § 4911(B)(1) (emphasis added). Returns which have not been delivered to LDR by the United States Postal Service have not been filed pursuant to this clear language.
Although Louisiana law favors candidacy, once an objector makes a prima facie showing of grounds for disqualification, the burden shifts to the defendant to rebut the showing. Landiak v. Richmond, 05-0758, p. 7-8 (La.3/24/05), 899 So.2d 535, 541-2. It is undisputed that as of August 15th, 2014, only five days prior to his attempt to qualify as a candidate for the office of Orleans Parish District Attorney, Burns had not filed his Louisiana state individual income tax returns for the years 2010, 2011, 2012 and 2013. Without sending the returns via certified mail or otherwise ensuring their delivery to LDR, Burns could not have known whether or not his tax returns had been filed pursuant to Louisiana regulation when he signed his Notice of Candidacy. We find Russo presented a prima facie case, which has not been rebutted by Burns, that the tax returns have not been delivered to LDR and were therefore not filed. Accordingly, we hereby reverse the trial court and disqualify Burns from candidacy for the office of Orleans Parish District Attorney for falsely certifying the filing of these tax returns.
REVERSED.
JOHNSON, C.J., dissents and assigns reasons.
JOHNSON, Chief Justice,
dissents and assigns reasons.
hi would deny the writ application, finding the lower courts correctly concluded that the candidate met the requirements of his candidacy.
Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified. Landiak v. Richmond, 05-0758 (La.3/24/05), 899 So.2d 535, 541. Further, a court determining whether the person objecting to candidacy has carried his burden of proof must liberally construe the laws governing the conduct of elections “so as to promote rather than defeat candidacy.” Id. Any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. Id. Once the objector makes a prima facie case, the burden shifts to the candidate to present sufficient evidence to overcome the prima facie case. Id. at 542. I disagree with the majority’s finding that the candidate did not sufficiently rebut the plaintiffs prima facie case. When the defendant. executed his affidavit he believed that his tax returns had been deposited in the U.S. mail. Thus, when he qualified for office, he certified to the best of his knowledge he had filed his taxes. I note in a similar case, Louisiana Board of Ethics vs. Wilson, 2014-C-1908, this court found that Mr. LWilson was a qualified candidate because he believed his fines were paid.
Additionally, I disagree with the majority’s interpretation of La. Admin. Code tit. 61, pt. I, § 4911, (B)(1). When using U.S. *1115 mail, the standard is not determined by the date on which the Louisiana Department of Revenue gains physical possession of the tax return; but, rather, when the filing party postmarked the returns. The majority’s interpretation of this provision would mean that Mr. Burns must ensure delivery and essentially perform the job of the U.S. Postal Service. Mr. Burns clearly exercised his reasonable best efforts to file his tax returns prior to qualifying for office.
Therefore, the defendant here should be deemed as a qualified candidate for district attorney.

. La. R.S. 18:492 states, in pertinent part:
A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
[[Image here]]
(7) The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.

. La. R.S. 18:494(A) states: