LOBRANO, J.,
concurs with reasons.
|,I respectfully concur. I agree with the majority opinion that the district court’s judgment, disqualifying Jason Hughes from candidacy for the 100th Representative District for the State of Louisiana, should be affirmed. I write separately to note that, at the time Hughes signed his Notice of Candidacy, Hughes lacked sufficient knowledge of the law governing whether he was required to file tax returns for the year 2010. As Hughes did not know whether tax returns were required, I find that Hughes falsely certified that he was not required to file tax returns for the year 2010.
In Russo v. Burns, 14-1963 (La.9/24/14), 147 So.3d 1111 (“Burns II”), the Louisiana Supreme Court held that, without sending tax returns via certified mail or otherwise ensuring them delivery to the Louisiana Department of Revenue, the candidate, Burns, could not have known whether his tax returns were filed in compliance with Louisiana law when he signed his Notice of Candidacy. I do not interpret Bums II to reach the question as to whether a court is permitted to consider a candidate’s subjective intent or good faith beliefs in determining if a candidate should be disqualified for making an allegedly false certification. Instead, I read Burns II to hold that it is false certification for a candidate to certify to facts of which the candidate does not have sufficient knowledge. For these reasons, I would affirm the judgment of the lower court disqualifying Hughes from candidacy for falsely certifying that he was not required to file tax returns for the year 2010.