LOBRANO, J.,
dissents with reasons.
hi respectfully dissent. I would affirm the district court’s judgment, disqualifying Ray Crawford from candidacy for the 99th Representative. District for the State of Louisiana. I do not find that the district court lacked personal jurisdiction over Crawford. I find .that the procedural defects addressed in the majority opinion are issues of sufficiency of citation and service, to which Crawford waived any objection when he made a general appearance in person at trial before the district court on September 21, 2015. See La. C.C.P. art 6; La. C.C.P. art. 925; La. C.C.P. art. 928.
I further find that, at the time Crawford signed his Notice of Candidacy, Crawford lacked sufficient knowledge of whether his accountant filed tax returns on Crawford’s behalf for the year 2012. As Crawford did not know whether his accountant filed tax returns on his behalf for the year 2012, I find that Crawford falsely certified that he filed tax returns for the year 2012.
In Russo v. Burns, 14-1963 (La.9/24/14), 147 So.3d 1111 (“Burns II”), the Louisiana Supreme Court held that, without sending tax returns via certified mail or otherwisé ensuring their deliveiy to the Louisiana Department .of Revenue, the candidate, Burns, could not have known whether his tax returns were filed in compliance with Louisiana law when he signed his Notice of Candidacy. I do not Linterpret Burns II to reach the question *1159 as to whether a court is permitted to consider a candidate’s subjective intent or good faith beliefs in determining if a candidate should be disqualified for making an allegedly false certification. Instead, I read Burns II to hold that it is false certification for a candidate to certify to facts of which the candidate does not have sufficient knowledge. I find the facts of Burns II analogous to the case on appeal, as Crawford could not have known whether the tax returns were filed by merely relying on the representations of his accountant, without further confirmation that the returns were filed. I would reach an equivalent result in this matter. For these reasons, I would affirm the judgment of the lower court disqualifying Crawford from candidacy for falsely certifying that he filed tax returns for the year 2012.