JUDGE SANDRA CABRINA JENKINS
[ i This is an election contest suit. Plaintiffs/appellants Cassandra Smith and Keion Smith (collectively, “Plaintiffs”) appeal the trial court’s July 27, 2017 judg *1057 ment denying Plaintiffs’ objection to the candidacy of defendant Ernest “Freddie” Charbonnet for Orleans Parish City Council District E.[1]
For the reasons that follow, we reverse the judgment.
FACTUAL AND PROCEDURAL BACKGROUND
On July 13, 2017, Mr. Charbonnet filed a signed and notarized Notice of Candidacy form which included the following certification as required by La. R.S. 18:463(A)(2)(a):
If I am a candidate for any office other than United States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or statel». income tax return or both, or was not required to file either a federal or state income tax return or both.
On July 21, 2017, Plaintiffs filed an Objection to Candidacy and Petition to Disqualify Candidate. The Petition alleged that Mr. Charbonnet had falsely certified in his Notice of Candidacy form that he had filed his state income tax returns for the previous five years.[2] Plaintiffs asserted that Mr. Charbonnet had not filed income tax returns for 2012 and 2016.
On July 21, 2017, Judge Christopher Bruno and Judge Cherrell Simms Taplin recused themselves. On July 24, 2017, Judge Ethel Simms Julien, Judge Robin M. Giarrusso, and Judge Sidney H. Cates, IV recused themselves. On July 24, 2017, this matter was allotted to Judge Piper D. Griffin, who then signed an order setting the matter for trial on July 27, 2017.
On July 26,2017, Mr. Charbonnet filed a Motion to Dismiss the Plaintiffs’ Objection to Candidacy and Petition to Disqualify Candidate for Failure to Timely Prosecute Pursuant to La. R.S. 18:1409(A)(1) (“Motion to Dismiss”). Mr. Charbonnet argued that the Plaintiffs’ objection to his candidacy should be dismissed because the matter was set for trial later than 10:00 a.m. on the fourth day after suit was filed.[3]
laThis matter proceeded to trial on July 27, 2017. On that date, before the introduction of evidence, the trial court signed an order denying Mr. Charbonnet’s Motion to Dismiss.
At trial, Plaintiffs introduced correspondence from the Louisiana Department of *1058 Revenue (“LDR”) which, in response to Plaintiffs’ public records request, stated that it could not confirm the filing of Louisiana income tax returns by Mr. Charbon-net for the years 2012 and 2016. A representative of LDR also testified at trial that, based on the information contained in the public records request, the LDR’s. computer system could not confirm the tiling of state tax returns by Mr. Charbon-net in 2012 and 2016.
At trial, Mr; Charbonnet contended that' he had retained a CPA, Ernest Kelly, to prepare and file his tax returns for 2012 and 2016. Mr. Charbonnet testified that, prior to signing the Notice of Candidacy on July 13, 2017, he had repeatedly visited, called, e-mailed, and left voice mail messages for Brandon Barnes, an employee of Ernest Kelly, who confirmed that Mr. Charbonnet’s 2012 tax returns had been filed and that extensions had been filed for his 2016 returns. Mr. Charbonnet stated that, when he signed the Notice of Candidacy form, he was “very confident” that his 2012-2016 taxes had been paid based on his reliance on assurances from his, CPA.
Mr. Charbonnet also testified that his wife had mailed his 2012 state and federal tax returns, and that he “understood” that Ernest Kelly would also e-tile his returns. Mr. Charbonnet admitted, however, that he did not personally mail or deliver, a copy of his 2012 tax return to the LDR. He also admitted that he had no evidence that his 2012 return was ever delivered to the LDR.
| ¿Although Mr. Charbonnet testified that he had a stamped copy of his 2012 tax return, this was received by the LDR on July 17, 2017, four days after he signed; the Notice of Candidacy, Mr. Charbonnet admitted that he had no evidence showing that his 2012 return had been received by the LDR prior to July 13,2017.
Mr. Charbonnet produced an affidavit from Sherman Weary, a supervisor at Ernest Kelly (the “Weary Affidavit”). Mr, Weary attested that on or about April 14, 2017, a representative of Ernest Kelly “assured [Mr. Charbonnet] that as is our usual policy, both federal and state extensions ,,. for 2016 were in fact filed.” The Weary Affidavit also' attested that “[b]y July 12, 2017, Mr. Charbonnet was assured that all returns for the past five (5) years were tiled with extensions for the 2016 federal and state returns, and that assurance included the 2012-2016 federal and' state returns.” The Weary Affidavit, however, does not state that, in fact, Ernest Kelly’s office filed Mr. Charbonnet’s 2012 tax return with the LDR.
Mr. Charbonnet’s wife also testified at trial. She stated that she personally dropped Mr. Charbonnet’s federal and state 2012 tax returns in the mail box at the post office. She also testified that on the first- day of qualifying, she and Mr. Charbonnet personally went to the CPA’s office and were told that “[y]ou guys are ready to go, everything is in order.”
After both sides rested, the trial court rendered its decision. The court found that La. R.S. 18:492(A)(7) “clearly requires an intent,” and that based on the evidence presented, Mr. Charbonnet had “no intent to falsely certify.” The trial court further stated, that even though Mr. Charbonnet’s 2012 tax returns were not filed, “there was effort made by Mr. Charbonnet to make sure that all ..was in order,” which was verified by the affidavit of his CPA, The trial court denied-Plaintiffs’ Petition. ■
'^DISCUSSION
■On appeal, Plaintiffs contend that the trial court erred in considering Mr.- Char-bonnet’s subjective intent when he signed the Notice of Candidacy form. Plaintiffs also argue that the trial court’s decision is *1059 foreclosed by the Supreme Court’s opinion in Russo v. Burns, 14-1963 (La. 9/24/14), 147 So.3d 1111. We agree.
Standard of Review
Appellate courts review a trial court’s findings of fact under the manifest error or clearly wrong standard. Nixon v. Hughes, 15-1036, p. 2 (La. App. 4 Cir. 9/29/15), 176 So.3d 1135, 1137. “Regarding issues of law, the standard of review of an appellate court, is simply whether the court’s interpretative decision is legally correct.” Id. “[I]f the decision of the trial court is based upon an erroneous application of law rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court.” Id.
Burden of Proof
“The person objecting to the candidacy of a person bears the burden of proof.” Nixon, 15-1036, p. 3, 176 So.3d at 1137. “Although Louisiana law favors candidacy, once an objector makes a prima facie showing of grounds for disqualification, the burden shifts to the defendant to rebut the showing.” Russo, 14-1963, p. 4, 147 So.3d at 1114.
We find that Plaintiffs have presented a prima facie case to disqualify Mr. Charbonnet. The LDR has no record of the filing of Mr. Charbonnet’s 2012 and 2016 tax returns.
The burden, therefore, then shifts to Mr. Charbonnet to prove that the information contained in his Notice of Candidacy was true and correct.
| Jiusso v. Burns
In Russo v. Burns, supra, the Supreme Court declared that, in order for a .candidate to rebut a prima facie showing that income tax returns were not filed, the candidate must satisfy the LDR’s regulations regarding the filing of income, tax returns set forth in La. Amin. Code tit. 61, pt. I, § 4911(B)(1):
Delivery by the United States Postal Service. A return, report or other document in a properly addressed envelope with sufficient postage delivered by the United States Postal Service is deemed filed on the date postmarked by the United States Postal Service.
Russo, 14-1963, p. 4, 147 So.3d at 1114.
Thus, according to the Supreme Court, “[rjeturns which have not been delivered to LDR by the United States Postal Service have not been filed pursuant to this clear language.”
Mr. Charbonnet presented no evidence that his 2012 and 2016 tax returns had been “filed,” as defined by LDR regulation, when he completed the Notice of Candidacy form. As stated in Russo, “[wjithout sending the. returns via certified mail or otherwise ensuring their delivery to LDR, [Mr. Charbonnet] could not have known whether or not his tax returns had been filed pursuant to Louisiana regulation when he signed his Notice of Candidacy.” Russo, 14-1963, p. 4, 147 So.3d at 1114.
Based on Mr. Charbonnet’s failure to rebut Plaintiffs’ showing that his 2012 and 2016 tax returns were not delivered to LDR and, therefore, were not “filed,” Mr. Charbonnet’s lack of intent to deceive based on his good faith reliance on assurances from his CPA that his tax returns had, in fact, been filed, is irrelevant. See Nixon, 15-1036, p. 5, 176 So.3d at 1138 (“[W]e find no instruction contained in the binding precedent of Bums II that would permit this Court to once again |7consider a candidate’s subjective intent in deciding whether to disqualify a candidate who certified that he filed all of his tax returns when, in fact, he had not.”).
Under these circumstances, we conclude that it was- an error of law for the trial court to consider Mr. Charbonnet’s state *1060 of mind in deciding whether he made a false certification.
In his appellee’s brief, Mr. Char-bonnet argues that Plaintiffs’ Petition should be dismissed because, under La. R.S. 18:1409(A)(1), the trial court was required to set this matter for trial no later than Tuesday, July 25, 2017 at 10:00 a.m. Given that five trial judges recused themselves in the two days after the Plaintiffs filed suit, we agree with the reasoning of the Second Circuit that, under certain circumstances, a suit should not be dismissed because the trial date was fixed later than the fourth day after the plaintiff filed suit:
It is our ruling that the fixing of matters for trial is clearly the responsibility of the trial judge. La. C.C.P. Arts. 191, 193, 194, 1571. In the absence of record evidence that plaintiff was involved in this fixing to the extent that he should be held responsible, and also in the absence of evidence of prejudice to defendants by the particular fixing, we do not conclude that plaintiff should be chargeable with the trial judge’s failure in this particular instance to comply with the Election Code.
Scoggins v. Jones, 442 So.2d 1202, 1203 (La. App. 2d Cir.), writ denied, 444 So.2d 113 (La. 1983).
CONCLUSION
Based on the foregoing, we reverse the trial court’s judgment denying Plaintiffs’ objection to the candidacy of Mr. Charbon-net.
LOBRANO, J., CONCURS AND ASSIGNS REASONS

. Pursuant to La. R.S. 18:1409 of the Election Code, we have granted expedited consideration to this appeal:
Immediately upon receipt of the record the clerk of the court of appeal shall notify the parties and the case shall be heard no later than forty-eight hours after the record is lodged with the court of appeal. Judgment shall be rendered within twenty-four hours after the case is argued. The court of appeal shall indicate the date and time rendered on the judgment. The clerk of the court of appeal shall immediately notify all parties or their counsel of record by telephone ' and/or facsimile transmission of the judgment.
La. R.S. 18:1409(F)(emphasis added).

. La. R.S. 18:492(A)(7) permits an action objecting to the candidacy of a person who qualified as a candidate in a primary election where "[t]he defendant falsely certified on his notice of candidacy that for each of the previous five years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.”

. La. R.S. 18:1409(A)(1) states: "Actions objecting to the calling of a special election, objecting to candidacy, contesting the certification of a recall petition, or contesting an election shall be tried summarily, without a jury, and in open court. The trial shall begin no later than 10:00 a.m. on the fourth day after suit was filed.”