| LESLIE A. ELLISON | * | NO. 2020-CA-0376 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| JANCARLO JOSE ROMERO AND THE HONORABLE | * | FOURTH CIRCUIT |
| ARTHUR A. MORRELL, IN HIS OFFICIAL CAPACITY AS | * | STATE OF LOUISIANA |
| CLERK OF CRIMINAL | * | |
| COURT FOR THE PARISH OF ORLEANS | * | |

* * * * * * *

*TGC* **CHASE, J., DISSENTS**

I agree with the majority's finding that the trial court did not err in denying Ms. Ellison's challenge to Mr. Romero's candidacy based on his domicile. However, I pretermit that issue in light of the reasons that follow. Accordingly, I respectfully dissent and find the trial court erred in finding that Mr. Romero properly rebutted the *prima facia* case presented by Ms. Ellison on the issue regarding the filing of Mr. Romero's 2017 taxes.

"In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified." *Russell v. Goldsby*, 2000-2595, p. 4 (La. 9/22/00), 780 So.2d 1048, 1051 (citing La. R.S. 18:492). However, "once the party bearing the burden of proof has established a prima facie case, the burden then shifts to the opposing party to present sufficient evidence to overcome the other party's prima facie case." *Irvin v. Brown*, 2017-0614, p. 5 (La.App. 4 Cir. 7/28/17), 2017 WL 3205858 (quoting *Landiak v. Richmond*, 2005-0758, p. 8 (La. 3/24/05), 899 So.2d 535, 542).

In the matter *sub judice*, I find that Ms. Ellison sufficiently established Mr. Romero did not file taxes for the year 2017. In her case in chief, Ms. Ellison submitted documentation from the State of Louisiana-Department of Revenue which provided that the department could not confirm a tax filing for the year 2017

1

for Mr. Romero. In addition, Mr. Romero admitted, under oath, that he did not file taxes for the year 2017, contending that he was not required to do so. Once Ms. Ellison established a *prima facie* case to disqualify Mr. Romero, the burden shifted to Mr. Romero to prove the attestations made on the Notice of Candidacy form were true. *See Smith v. Charbonnet*, 2017-0634, p. 5 (La.App. 4 Cir. 8/2/17), 224 So.3d 1055, 1059 ("We find that Plaintiffs have presented a *prima facie* case to disqualify Mr. Charbonnet. The LDR has no record of the filing of Mr. Charbonnet's 2012 and 2016 tax returns. The burden, therefore, then shifts to Mr. Charbonnet to prove that the information contained in his Notice of Candidacy was true and correct."); *Brown*, 2017-0614, p. 6 (La.App. 4 Cir. 7/28/17), 2017 WL 3205858 ("[s]pecifically, that he did not file tax returns because he was not required to do so.")

Mr. Romero testified that his tax preparer advised him he was not required to file taxes for the year 2017. However, Mr. Romero provided no documentary evidence supporting this assertion and his tax preparer did not testify. The only evidence submitted was testimony of Mr. Romero. This Court addressed a similar issue in *Irvin v. Brown*, 2017-0614, (La.App. 4 Cir. 7/28/17), 2017 WL 3205858. In *Brown*, plaintiffs' objected to the candidacy of the defendant, Howard Brown, maintaining that Mr. Brown falsely certified on his Notice of Candidacy form that he had filed his state and federal income taxes or was not obligated to file taxes, in contravention of La. R.S. 18:463(A)(2)(a)(iv). At trial, Mr. Brown acknowledged that he had no documentary evidence to show that he filed state income tax returns for 2015 and 2016, and had no documentary records to establish he was not required to file a tax return. *Brown*, 2017-0614, p. 3, 2017 WL 3205858. The trial court found that plaintiffs had not met their burden of proof and found in favor of maintaining Brown's candidacy. This Court reversed the trial court, stating:

2

Once Plaintiffs established a prima facie case to disqualify Mr. Brown, the burden of proof shifted to Mr. Brown to prove that the attestations made in his Notice of Candidacy form were true— specifically, that he did not file tax returns because he was not required to do so. Mr. Brown did not dispute these facts; instead, he merely asserted—without any documentary proof—that he was not required to file tax returns for the years 2015 and 2016. Mr. Brown also admitted that A.J.A. made "some money" and received compensation. **We find these admissions, coupled with the fact that he did not present any documentary evidence to show he was not required to file taxes, were insufficient evidence to rebut Plaintiffs' prima facie case.** [emphasis added]

Based upon our determination that the trial court erred as a matter of law in failing to shift the burden of proof to Mr. Brown once Plaintiffs presented prima facie evidence showing grounds for disqualification, this Court is no longer compelled to defer to the trial court's findings. See *Nixon*, *supra*. Our de novo review of the record establishes that Mr. Brown did not offer sufficient evidence to establish he was not required to file tax returns.

*Brown*, 2017-0614, pp. 6-7, 2017 WL 3205858.

Similarly, the only evidence submitted by Mr. Romero was his testimony that he worked abroad and was not required to file income taxes. He also submitted that he was not required to do so because he was not in the United States during 2017. The latter assertion was rebutted by the documentary evidence submitted by Ms. Ellison that Mr. Romero voted in New Orleans in 2017. Mr. Romero's testimony that he was not required to file taxes for the year 2017, without any evidentiary support, is insufficient to rebut plaintiff's prima facie case. *Brown*, 2017-0614, p. 6, 2017 WL 3205858. Accordingly, I would find that the trial court erred in determining that Mr. Romero was not required to file taxes for the year 2017.

3