HAZEL GUILLOT OUBRE

VERSUS

GRAYLIN BURL, JR., ELIANA
DEFRANCESCH, IN HER CAPACITY AS
CLERK OF COURT FOR ST. JOHN THE
BAPTIST PARISH

NO. 23-CA-421

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 80,320, DIVISION "B"
HONORABLE NGHANA LEWIS, JUDGE PRESIDING

August 29, 2023

9:48 am

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, Robert A. Chaisson, Stephen J. Windhorst, and Scott U. Schlegel

<u>**AFFIRMED**</u>

   **RAC**
   **FHW**
   **MEJ**
   **SJW**
   **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Melisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
HAZEL GUILLOT OUBRE
    Kevin P. Klibert

COUNSEL FOR DEFENDANT/APPELLANT,
GRAYLIN BURL, JR.
    In Proper Person

**CHAISSON, J.**

In this suit arising from an objection to the candidacy of Graylin Burl, Jr. for election to the office of Sheriff of St. John the Baptist Parish, Mr. Burl appeals an August 21, 2023 judgment of the trial court sustaining the objection of Hazel Guillot Oubre and disqualifying Mr. Burl as a candidate. For the following reasons, we affirm the judgment of the trial court.

**BACKGROUND**

On August 8, 2023, Mr. Burl qualified with the St. John the Baptist Parish Clerk of Court to run for the position of Sheriff of St. John the Baptist Parish. In accordance with the manner of qualifying provisions contained in La. R.S. 18:461(A), Mr. Burl paid his qualifying fee and filed with the Clerk a signed and notarized Notice of Candidacy form, which included the following certification required by La. R.S. 18:463(A)(2)(a)(iv):

> If I am a candidate for any office other than United States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.

On August 17, 2023, Ms. Oubre, a registered voter domiciled in St. John the Baptist Parish, filed a Verified Petition Objecting to the Candidacy of Mr. Burl. In her petition, Ms. Oubre alleged that according to the Louisiana Department of Revenue ("LDR"), Mr. Burl has not filed a state income tax return since 2019 and that his certification contained in his Notice of Candidacy is therefore false.

A hearing on the petition was held on August 21, 2023. Ms. Oubre testified that she filed her objection to Mr. Burl's candidacy when a public records request to the LDR showed that Mr. Burl had not filed his state income tax returns. Ms. Oubre called as a witness Stacey Greaud, an employee and representative of LDR, who testified that, pursuant to the public records request, a search of LDR records

found tax returns filed by Mr. Burl for 2018 and 2019, but no tax returns on file for 2020, 2021, or 2022. Ms. Oubre also called Sergeant Steven Faucheux, the human resources commander for the St. John the Baptist Sheriff's Office, who testified that he had received a public records request related to Mr. Burl and that, upon investigation, the records indicated that Mr. Burl received income from the Sheriff's Office in 2018, 2019, and from January to October of 2020. Redacted copies of Mr. Burl's W-2's for 2018, 2019, and 2020 were introduced into evidence.

Mr. Burl testified on his own behalf. He stated that in 2020 he filed a bankruptcy proceeding that was completed in September of 2021. He testified that he prepared his 2020 state tax return himself, gave a copy to his bankruptcy attorney, and mailed the return to LDR, thus assuming that his 2020 tax return was filed. Mr. Burl also testified that he has not held a job since leaving the Sheriff's Office in October of 2020, and therefore had no taxable income for the years since that time. He stated that he had no other proof of sending the 2020 tax return to LDR, only that he had placed the return in a stamped envelope and mailed it *via* the United States Postal Service. As evidence, Mr. Burl introduced a copy of the PACER docket report from his federal bankruptcy proceeding which showed docket entries for tax documents, but did not contain actual copies of said documents. Mr. Burl also introduced into evidence a document, IT-540-web-2020 Louisiana Resident, which purported to reflect a state tax filing, however, the numbers stated there did not correspond to the documentation of Mr. Burl's income from the Sheriff's Office for that period, and there was no indication on the document when it was transmitted or received.

Following the hearing on the petition, the trial court entered a judgment with reasons sustaining the objection raised by Ms. Oubre and disqualifying Mr. Burl as a candidate. The trial court specifically held that the petitioner made a *prima facie*

showing that Mr. Burl failed to file state income taxes for the years 2020, 2021, and 2022, and that, with the evidentiary burden shifted, Mr. Burl failed to provide sufficient evidence that he filed state tax returns for the 2020 tax year. Further, because the PACER system allows for public access to bankruptcy records for a nominal fee, the trial court specifically questioned Mr. Burl's credibility concerning his testimony that he was unable to access those documents.

**DISCUSSION**

Appellate courts review a trial court's findings of fact under the manifest error or clearly wrong standard of review. *Smith v. Charbonnet*, 17-634 (La. App. 4 Cir. 8/2/17), 224 So.3d 1055, 1059, *writ denied*, 17-1364 (La. 8/7/17), 222 So.3d 722. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. *Salgado v. Tri-Par. Roofing & Home Improvements*, 19-407 (La. App. 5 Cir. 5/27/20), 296 So.3d 1201. Appellate review of questions of law is simply a review of whether the trial court was legally correct or incorrect. *Anderson v. Dean*, 22-233 (La. App. 5 Cir. 7/25/22), 346 So.3d 356, 364.

In an election contest, because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to the candidacy bears the burden of proving the candidate should be disqualified. *Crosby v. Cantrelle*, 20-252 (La. App. 5 Cir. 8/10/20), 301 So.3d 1234, 1238, *writ denied*, 20-996 (La. 8/14/20), 300 So.3d 876. Although Louisiana law favors candidacy, once a plaintiff makes a *prima facie* showing of grounds for disqualification, the burden shifts to the defendant to rebut the showing. *Id.* (*citing Russo v. Burns*, 14-1963 (La. 9/24/14), 147 So.3d 1111, 1114).

La. R.S. 18:492(A) states, in pertinent part:

An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:

(7) The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.

We agree with the trial court that the evidence presented by Ms. Oubre, including the testimonies of the LDR representative and the human resources officer from Mr. Burl's former employer, as well as the documentary evidence of his W-2s, is sufficient to establish a *prima facie* showing of the grounds for Mr. Burl's disqualification.[1]

Because Ms. Oubre made a *prima facie* showing, the burden then shifted to Mr. Burl to show either actual delivery of his state income tax return for the 2020 tax year to the LDR or some other evidence to corroborate the truth of his candidate certification that he had filed his tax returns. *See Crosby*, 301 So.3d at 1242; *see also, Braggs v. Dickerson*, 22-1227 (La. 8/13/22), 344 So.3d 63, ("Tax returns that have not been delivered to the Louisiana Department of Revenue have not been filed"). Mr. Burl provided no objective evidence showing that his state tax return for the 2020 tax year was actually delivered to the LDR. Mr. Burl's testimony that he placed his tax return for the 2020 tax year in a stamped envelope in the mailbox on some unspecified date is insufficient to meet his burden.[2] The trial court correctly observed that the documentary evidence provided by Mr. Burl, consisting of a printed PACER docket sheet and a web form of a purported 2020 state tax filing, were insufficient to corroborate Mr. Burl's claim that he filed his

---

[1] In this appeal, Mr. Burl objects for the first time to the introduction of his W-2s. Having failed to raise this objection before the trial court, this objection has been waived. Regardless, Mr. Burl did not question Sergeant Faucheux's testimony regarding the income that Mr. Burl earned from the Sheriff's office in 2020, necessitating the filing of a state tax return. Rather, Mr. Burl takes the position that he filed a state tax return for the 2020 tax year, rendering the introduction of his W-2s harmless.

[2] In this appeal, Mr. Burl argues for the first time that he was not able to mail his state tax return for the 2020 tax year by certified mail due to COVID restrictions imposed by the U.S. Postal Service; however, he did not raise this claim in the trial court. We therefore decline to consider the veracity of Mr. Burl's claim that such restrictions imposed by the Postal Service would have limited his ability, in April of 2021, over a full year after the start of the COVID pandemic and when his 2020 tax return would have been due, to mail his return by certified mail.

23-CA-421                              4

state tax return for the 2020 tax year. The trial court made a reasonable credibility evaluation and we decline to disturb that determination.

**CONCLUSION**

In the light of Ms. Oubre's *prima facie* showing that Mr. Burl failed to file his state tax return for the 2020 tax year, and Mr. Burl's failure to rebut that showing, we find no manifest error in the trial court's conclusion that when Mr. Burl signed his Notice of Candidacy, he falsely certified that he had filed his tax returns for each of the last five years for which he was required to do so. Accordingly, the judgment of the trial court disqualifying Mr. Burl as a candidate for the office of Sheriff of St. John the Baptist Parish is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**AUGUST 29, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 23-CA-421

## E-NOTIFIED
40TH DISTRICT COURT (CLERK)
HONORABLE NGHANA LEWIS (DISTRICT JUDGE)
KEVIN P. KLIBERT (APPELLEE)

## MAILED
GRAYLIN BURL, JR. (APPELLANT)
2425 WILLIAMSBURG DRIVE
LAPLACE, LA 70068

LEANDRE M. MILLET (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
FORTIETH JUDICIAL DISTRIST
PARISH OF ST. JOHN THE BAPTIST
POST OFFICE BOX 399
1342 HIGHWAY 44 RIVER ROAD
RESERVE, LA 70084