| | | |
|---|---|---|
| **SANDRA THOMAS** | * | **NO. 2025-CA-0449** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **KEVIN GRIFFIN-CLARK AND** | * | |
| **THE HONORABLE DARREN** | | **FOURTH CIRCUIT** |
| **P. LOMBARD** | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2025-06886, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge Nakisha Ervin-Knott, Judge Monique G. Morial)

John W. Joyce
Michael A. Balascio
Lorcan L. Connick
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112

COUNSEL FOR PLAINTIFF/APPELLEE

Ryan K. Thompson
ATTORNEY AT LAW
12605 South Harrell Ferry Road, Suite 5
Baton Rouge, Louisiana 70816

Jessica F. Hawkins
P.O. Box 5072
Baton Rouge, Louisiana 70802

COUNSEL FOR DEFENDANT/APPELLANT

Madro Bandaries
MADRO BANDARIES, P.L.C.
1127 2nd Street
New Orleans, Louisiana 70130

COUNSEL FOR APPELLEE, DARREN LOMBARD IN HIS OFFICIAL
CAPACITY AS CLERK OF CRIMINAL DISTRICT COURT AND CHIEF
ELECTIONS OFFICER

**AFFIRMED**
**JULY 25, 2025 AT 4:06 P.M.**

This is an appeal of an election suit objecting to the candidacy of Appellant, Kevin Griffin-Clark ("Mr. Griffin-Clark"), for the office of New Orleans City Council, District D. Mr. Griffin-Clark seeks review of the district court's July 21, 2025 judgment sustaining Appellee's, Sandra Thomas ("Ms. Thomas"), petition for action objecting to candidacy ("petition"). For the following reasons, we affirm the district court's judgment.

**FACTS AND PROCEDURAL HISTORY**

On July 11, 2025, Mr. Griffin-Clark qualified for the office of New Orleans City Council, District D, by filing a State of Louisiana – Notice of Candidacy Qualifying Form ("Notice") with the Clerk of Court for Orleans Parish Criminal District Court. The Notice, which was signed by Mr. Griffin-Clark and notarized, provided, in pertinent part:

> 9) If I am a candidate for any office other than United States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.
>
> ***

1

14) All the statements contained herein are true and correct.

Four days later, Ms. Thomas filed a petition objecting to Mr. Griffin-Clark's candidacy. She alleged that Mr. Griffin-Clark failed to file his Louisiana state tax returns for the tax years 2021 and 2023, and thereby provided a false certification on his signed Notice. Due to his false certification, Ms. Thomas averred that Mr. Griffin-Clark should be disqualified as a candidate for the District D council seat. The matter was set for hearing on July 21, 2025.

During the July 21, 2025 hearing, four witnesses testified – Kameelah Isby ("Ms. Isby"), Ms. Thomas, Pamela Manuel ("Ms. Manuel"), and Mr. Griffin-Clark. Ms. Isby – an executive assistant for Deep South Political Consulting – testified that on July 11, 2025, she made a public records request to the Louisiana Department of Revenue ("LDR") regarding whether Mr. Griffin-Clark filed tax returns for the 2020-2024 tax years. According to her testimony, on July 14, 2025, she received a response from the LDR indicating that it did not have 2021 or 2023 tax returns on file for Mr. Griffin-Clark. After receiving the response, Ms. Isby explained that she made an additional request to the LDR for an affidavit verifying its July 14, 2025 response. She further testified that she received an affidavit – from the same LDR representative that provided the initial response – certifying that the July 14, 2025 response was true and correct. The public records request, the July 14, 2025 LDR response, and LDR affidavit were all introduced and admitted into evidence.

Ms. Thomas – a registered Orleans Parish voter and resident of District D – testified that on July 14, 2025, she made a public records request to the LDR regarding whether Mr. Griffin-Clark filed tax returns for the 2020-2024 tax years. According to her testimony, she received a response from the LDR indicating no confirmation of tax filings for the 2021 and 2023 tax years for Mr. Griffin-Clark, the

2

same response received by Ms. Isby. Ms. Thomas explained that she filed the petition because of the discrepancy between Mr. Griffin-Clark's signed Notice and the LDR response regarding his tax filings and her desire to have elected officials who "make representations that are accurate." Introduced and admitted into evidence were Ms. Thomas' voter registration card, her public records request, her LDR response, and Mr. Griffin-Clark's signed Notice.

Ms. Manuel – Mr. Griffin-Clark's tax preparer – testified that she electronically filed his 2021 and 2023 tax returns in August 2024. Although Ms. Manual explained that she received confirmation pages indicating these tax returns were transmitted, she failed to provide any documentation of these purported confirmation pages to the court.

Finally, Mr. Griffin-Clark testified that he signed his Notice of Candidacy on July 11, 2025, and acknowledged that he was obligated to file federal and state tax returns for the preceding five years, including the 2021 and 2023 tax years. Mr. Griffin-Clark explained that "to the best of his knowledge", based on Ms. Manuel's representation to him, he believed his tax returns for the pertinent years were filed at the time he executed his Notice. Nevertheless, Mr. Griffin-Clark conceded that he did not have any documentation present in court evidencing the filing of his 2021 and 2023 federal and state tax returns. Notably, no documentary evidence was introduced during the hearing on behalf of Mr. Griffin-Clark.

At the conclusion of the hearing, the district court took the matter under advisement. Later that afternoon, the district court rendered judgment sustaining Ms. Thomas' petition and disqualifying Mr. Griffin-Clark from the election. This timely appeal followed.

3

## STANDARD OF REVIEW

"Appellate courts review a [district] court's findings of fact under the manifest error or clearly wrong standard." *Henry v. Bell*, 2023-00543, p. 4 (La. App. 4 Cir. 8/25/23), 371 So. 3d 566, 569 (citing *Smith v. Charbonnet*, 2017-0634, p. 5 (La. App. 4 Cir. 8/2/17), 224 So.3d 1055, 1058-59). "Regarding issues of law, the standard of review of an appellate court is simply whether the court's interpretative decision is legally correct." *Id*. "[I]f the decision of the [district] court is based upon an erroneous application of law rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court." *Id.*

## DISCUSSION

Mr. Griffin-Clark asserts two assignments of error, which we find can be succinctly summarized into one salient issue for this Court to consider: whether the district court manifestly erred in disqualifying Mr. Griffin-Clark as a candidate for New Orleans City Council, District D.[1] "[E]lection laws must be interpreted to give the electorate the widest possible choice of candidates[;]" therefore, "a person objecting to candidacy bears the burden of proving that the candidate is disqualified." *Collins v. Chambers*, 2024-01005, pp. 3-4 (La. 8/20/24), 390 So. 3d 1282, 1285 (citing *Landiak v. Richmond*, 2005-0758 (La. 3/24/05), 899 So. 2d 535,

---

[1] On appeal, Mr. Griffin-Clark asserts two assignments of error: (1) the district court erred and/or abused its discretion in not following the intent and spirit of the law, and in not properly interpreting the Louisiana Election Law Code, when it ruled that Kevin Griffin-Clark bore the burden of proving actual filing of his tax returns prior to his notice of candidacy and is not qualified to run in the primary election for New Orleans City Council, District D, rather than looking to his reasonable belief that said returns were in fact filed; and (2) the district court erred and/or abused its discretion in ignoring the testimony of Mr. Griffin-Clark and Pamela D. Manuel, CPA, who affirmatively testified that she did in fact electronically transmit Mr. Griffin-Clark's tax returns in August of 2024 to the Louisiana Department of Revenue through Drake Tax software and Sigma Tax Pro, a certified third-party vendor which meant that the taxes were timely filed in accordance with Louisiana Administrative Code, Title 61, pt. I, §4911 (B)(4).

4

541). "The party on which the burden of proof rests must establish a prima facie case." *Id.*, 2024-01005, p. 4, 390 So. 3d at 1285. Once the objecting party establishes a prima facie case, "the burden then shifts to the opposing party to present sufficient evidence to overcome the [objecting] party's prima facie case." *Id.*

Louisiana Revised Statutes 18:492 sets forth the grounds for disqualification of an election candidate. In the matter herein, Ms. Thomas' objection is based on La. R.S. 18:492(A)(7), which provides:

> A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
>
> * * *
>
> (7) The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.

According to Mr. Griffin-Clark's filed Notice, he attested to filing his federal and state tax returns for the previous five years. In support of her objection, Ms. Thomas produced a sworn affidavit from an LDR employee stating it had no confirmed tax filings for Mr. Griffin-Clark for the 2021 and 2023 tax years. The trial court determined that this evidence was sufficient to establish a prima facie case under La. R.S. 18:492(A)(7). We agree. At this point, the burden shifted to Mr. Griffin-Clark to establish he did not falsely certify that he filed his taxes for the previous five tax years.

At the hearing, Ms. Manuel testified that she electronically filed Mr. Griffin-Clark's 2021 and 2023 tax returns in August 2024, and Mr. Griffin-Clark testified that he believed his taxes were filed based on Ms. Manuel's representation to him.

5

However, fatal to Mr. Griffin-Clark's case was the fact that he failed to produce *any* documentary evidence to corroborate that his tax returns were transmitted, filed, or received by the taxing authorities.

On appeal, Mr. Griffin-Clark attempts to form a nexus between his case and *Clark v. Bridges*, 2023-00237 (La. 2/22/23), 356 So. 3d 990. However, this instant matter is factually distinguishable from the *Clark* case. In *Clark*, the lower courts disqualified Stephanie Bridges ("Mrs. Bridges") – a judicial candidate – based on the fact that she was unable to verify that her electronically-filed tax returns were delivered to the taxing authorities at the time she signed her notice of candidacy. The Louisiana Supreme Court reversed the lower courts decisions and ruled that based on La. Admin. Code Title 61, pt. I §4911(B)(4), "transmission by the tax payer is the operative event for electronic filing." *Id.*, 2023-00237, p. 7, 356 So. 3d at 994. The Court reasoned "the objective evidence confirms that transmission, the operative event, was successful because LDR received the filing[,]" thus, "Ms. Bridges has met her burden to establish that her tax returns were filed prior to the filing of her notice of candidacy." *Id.* at pp. 8-9, 356 So. 3d at 995.

At trial, Mrs. Bridges presented objective evidence that she filed tax returns the previous five years leading up to qualifying for office. Specifically, Mrs. Bridges presented documentary evidence that her tax returns were transmitted, filed, and received by the taxing authorities. Mrs. Bridges testified that on the morning of January 25, 2023 – prior to signing her notice of candidacy – she and her husband went to their tax preparer's office, signed their federal and state tax returns, waited at the office until the tax preparer informed them that their federal and state tax returns were electronically filed, and received copies of their electronically filed tax returns. *Id.* at pp. 3-4, 356 So. 3d at 992. Mrs. Bridges further testified that prior to

leaving the office, her tax preparer provided her with a letter stating that her federal and state tax returns were filed electronically, and this letter was admitted into evidence. *Id.* at p. 4, 356 So. 3d at 992. Moreover, Mrs. Bridges submitted her own public records request to the LDR, and on February 6, 2023, she received correspondence that the pertinent tax return was on file, and this correspondence was admitted into evidence. *Id.* at p. 3, 356 So. 3d at 991.

Unlike Mrs. Bridges in *Clark*, Mr. Griffin-Clark failed to provide any documentary evidence that his tax returns were ever transmitted, filed, or received by the taxing authorities. Mr. Griffin-Clark did not testify that he signed any tax returns or witnessed their transmission. Additionally, he did not introduce into evidence any copies of his 2021 and 2023 tax returns. Furthermore, no documentary evidence was admitted demonstrating that Ms. Manuel received or provided Mr. Griffin-Clark with any proof that his tax returns were transmitted, filed, or received by the taxing authorities. Mr. Griffin-Clark maintains his belief that his tax returns were filed, based solely on his tax preparer's representation that she filed his 2021 and 2023 tax returns in August 2024, is sufficient to overcome Ms. Thomas' prima facie case. However, a candidate's personal belief regarding tax status or filings is insufficient to rebut a plaintiff's prima facie case. *Henry*, 2023-0543, p. 5, 371 So. 3d at 570.

The uncorroborated testimony of Ms. Manuel and Mr. Griffin-Clark was insufficient to rebut Ms. Thomas' prima facie showing that Mr. Griffin-Clark had not filed his 2021 and 2023 tax returns at the time he signed his Notice. Accordingly, we find that the district court did not manifestly err in determining that Mr. Griffin-Clark falsely certified that all of his federal and state tax returns for the last five years had been filed when he signed his Notice.

7

**DECREE**

For the foregoing reasons, we affirm the district court's July 21, 2025 judgment disqualifying Mr. Griffin-Clark from the election for New Orleans City Council, District D.

**AFFIRMED**