ANDREW BRADLEY TOWBIN      *      NO. 2026-CA-0152

VERSUS      *      COURT OF APPEAL

JOHN T. FULLER AND      *      FOURTH CIRCUIT
DARREN P. LOMBARD IN HIS
OFFICIAL CAPACITY AS      *      STATE OF LOUISIANA
CLERK OF COURT FOR
CRIMINAL DISTRICT COURT      *
FOR THE PARISH OF
ORLEANS      *

\* \* \* \* \* \* \*

SCJ      **JENKINS, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the majority opinion. I write separately, however, to address the majority's reliance on *Smith v. Charbonnet*, 2017-0634 (La. App. 4 Cir. 8/2/17), 224 So.3d 1055 and to clarify why that decision is materially distinguishable from the evidentiary record presented before us in this matter.

The evidence adduced at trial in this matter differs in significant respects from the record that was before this Court in *Smith*. In *Smith*, the objectors introduced correspondence from the LDR indicating it could not confirm the filing of the candidate's returns for the years 2012 and 2016, and an LDR representative testified at trial that the agency's records reflected no filing. The candidate admitted he had no evidence demonstrating delivery of the returns to LDR prior to executing his Notice of Candidacy. The only stamped copy of a return was received after qualification. Thus, the record in *Smith* affirmatively established the absence of filing at the time of certification, and the candidate possessed no contemporaneous documentation or objective corroboration supporting delivery before he signed.

On the contrary, the evidentiary context here reflects substantially different circumstances. Mr. Fuller's 2020 return was prepared by his accountant, Tracy Madison, in the ordinary course of practice, and an invoice documenting

preparation of the 2019 and 2020 returns was introduced into evidence. Testimony from both Mr. Madison and Mr. Fuller's secretary, Danielle Taylor, established a consistent annual routine: financial documents were gathered, returns were prepared, signed, and placed in the United States mail pursuant to established office practice, and the process was repeated year after year. Mr. Fuller also introduced corroborating communications, including a text message exchange confirming his filings at the time he qualified and a July 2, 2024 email from his accountant stating that his 2020 taxes were filed.

Importantly, nearly five years elapsed without any notice from LDR of delinquency, non-filing, or liability, and Mr. Fuller maintained the same address and accountant throughout that period. Unlike in *Smith*, the record here contains documentary support, corroborated testimony regarding routine mailing practices, and a prolonged absence of administrative notice.

Moreover, in *Smith* the objector's *prima facie* case was strengthened by testimony from an LDR representative subject to cross-examination. In this case, the objector relied solely upon an LDR custodian affidavit in response to a public records request. While such evidence may establish a *prima facie* showing, it does not carry the same qualitative evidentiary weight as live agency testimony confirming non-filing. When the issue turns on whether a potential candidate lacked a reasonable factual basis to certify compliance at the time of signing, the evidentiary context matters.

I find that the proper inquiry is temporal and objective: whether, at the moment he executed his Notice of Candidacy, Mr. Fuller possessed a reasonable factual basis to certify that his returns had been filed. The record reflects that he relied on routine professional preparation, established office mailing practice, corroborating communications, and nearly five years without any notice suggesting non-compliance. Those circumstances materially distinguish this matter from

*Smith* and undermine the conclusion that Mr. Fuller's certification of tax compliance was false. "[E]lection laws must be interpreted to give the electorate the widest possible choice of candidates." *Collins v. Chambers*, 2024-01005, p. 3 (La. 8/20/24), 390 So. 3d 1282, 1285 (citing *Landiak v. Richmond*, 2005-0758 (La. 3/24/05), 899 So. 2d 535, 541).