ANDREW BRADLEY TOWBIN     *     **NO. 2026-CA-0152**

VERSUS     *     **COURT OF APPEAL**

JOHN T. FULLER AND     *     **FOURTH CIRCUIT**
DARREN P. LOMBARD IN HIS
OFFICIAL CAPACITY AS     *     **STATE OF LOUISIANA**
CLERK OF COURT FOR
CRIMINAL DISTRICT COURT     *
FOR THE PARISH OF
ORLEANS     *

\* \* \* \* \* \* \*

**LOBRANO. J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent. Although the parties did not directly litigate the meaning of "the previous five tax years" in the district court, this issue presents a pure question of statutory interpretation. It requires no additional fact-finding and rests entirely on the undisputed date of qualification and the plain language of La. R.S. 18:463(A)(2)(a)(iv) and La. R.S. 18:492(A)(7). Questions of law are reviewed *de novo*, and an appellate court is obligated to apply the correct law to the record before it. Where a judgment rests upon an incorrect interpretation of a statute, this Court may correct that legal error even if the precise statutory argument was not fully articulated at the district court. *See Thompson v. Winn-Dixie Montgomery, Inc.*, 15-0477, p. 11 (La. 10/14/15), 181 So.3d 656, 665 (citing La. C.C.P. art. 2164 and Uniform Rules Courts of Appeal, Rule 1-3).

The statute requires certification "for each of the previous five tax years." *See* La. R.S. 18:492(A)(7). Mr. Fuller qualified on February 13, 2026. Measured by calendar tax years, on that date, the previous five tax years are 2025, 2024, 2023, 2022, and 2021. Tax year 2020 is the sixth year back. The Legislature did not qualify the phrase "previous five tax years" by adding "for which returns were previously due," nor did it condition the five-year window upon filing deadlines. When the Legislature intends to reference obligations that are "previously due," it

does so expressly elsewhere in the same statutory scheme. *See*, *e.g.*, La. R.S. 18:463(A)(2)(a)(vi) (requiring candidate to certify that he has filed each report required to be filed by the Campaign Finance Disclosure Act, "if any were previously due"). Courts may not insert words that the Legislature omitted.

Even if one were to conclude that the phrase "previous five tax years" is susceptible to more than one interpretation, disqualification statutes are strictly construed in favor of candidacy and the electorate's right to choose. At minimum, any ambiguity must be resolved against removal of a candidate from the ballot. *Landiak v. Richmond*, 05-0758, p. 7 (La. 3/24/05), 899 So.2d 535, 541.

Because the only year litigated below was 2020, and because that year does not fall within the plain, five-year statutory window for a 2026 qualification, the objection fails as a matter of law. I would reverse the judgment sustaining the objection to candidacy and dismiss the petition.

Although the five-year certification requirement resolves this appeal, I am compelled to address the substance of the majority opinion. In doing so, I return to the framework I articulated in my concurrence in *Nixon v. Hughes*, 15-1036 (La. App. 4 Cir. 9/29/15), 176 So.3d 1135 (Lobrano, J., concurring). There, I explained that false certification includes certifying facts of which the candidate lacks "sufficient knowledge" at the time the Notice of Candidacy is executed. The inquiry is temporal and objective. It asks whether, at the moment of signing, the candidate possessed a sufficient and reasonable basis to attest to compliance. In other words, did Mr. Fuller have sufficient knowledge, considering the surrounding circumstances over the ensuing years, that his 2020 state taxes had been filed?

The jurisprudence in *Russo v. Burns*, 14-1963 (La. 9/24/14), 147 So.3d 1111, and its progeny requires that candidates ensure delivery so that they may truthfully certify filing. However, those cases do not impose a categorical certified-mail requirement, nor do they equate the present absence of a processed entry in

LDR's records with a lack of sufficient knowledge. The operative principle is not administrative confirmation. It is whether the candidate had a reasonable factual basis, at the time of certification, to attest to compliance.

The record reflects that Mr. Fuller's 2020 return was prepared by his accountant in the ordinary course, transmitted to his office for execution, signed, and placed in the mail pursuant to established office routine. Importantly, nearly five years passed without any communication from LDR or his accountant suggesting non-filing. That prolonged administrative and professional silence is not dispositive, but it forms part of the factual context available to Mr. Fuller when he executed the Notice of Candidacy.

Moreover, the law does not require a candidate to conduct a pre-qualification audit of agency records in the absence of any notice or reason to suspect non-compliance. The "sufficient knowledge" standard does not demand retrospective verification where routine professional preparation, mailing in the ordinary course, and years without notice of non-filing reasonably support the fact that filing occurred. The majority's reasoning effectively transforms the certification requirement into a rule under which a candidate must affirmatively secure documentary confirmation from LDR before qualifying, even when no circumstance suggests non-filing. That is not what *Burns* requires.

Under the "sufficient knowledge" framework, the proper question is whether these surrounding facts spanning over five years provided a reasonable basis for Mr. Fuller's certification at the time he signed. The record demonstrates that he relied on routine professional preparation, established office practice, corroborating communications, and nearly five years without notice of deficiency or non-filing from the LDR or his accountant. These circumstances bear directly on whether he lacked sufficient knowledge to certify compliance.

The majority's reliance on *Smith v. Charbonnet* does not resolve this case. My analysis today is consistent with the approach I took in *Smith v. Charbonnet*, 17-0634 (La. App. 4 Cir. 8/2/17), 224 So.3d 1055 (Lobrano, J., concurring). There, applying the same "sufficient knowledge" framework articulated in *Nixon*, I concluded that the candidate lacked sufficient knowledge at the time he signed his Notice of Candidacy because he had not reasonably ensured delivery of the return and possessed no objective basis to confirm filing. *Id.*, 17-0634, p. 8, 224 So.3d at 1060. I expressly recognized that good faith alone was insufficient. *Id.*, 17-0634, pp. 8-9, 224 So.3d at 1060. In *Smith*, the surrounding facts did not provide a reasonable foundation for certification. The question remains whether the candidate possessed sufficient knowledge at the time of signing. What differs in the case *sub judice* is the evidentiary context. Unlike in *Smith*, this record reflects documented preparation of the return, corroborating communications contemporaneous with qualification, established office mailing practices, and nearly five years without notice of non-filing. Applying the same sufficient knowledge analysis I applied in *Smith*, I conclude that the surrounding circumstances here provided a reasonable basis for certification at the time it was made.

Even assuming arguendo that tax year 2020 fell within the relevant statutory window, I would conclude that the record does not establish, with the clarity required by our jurisprudence, that Mr. Fuller falsely certified his tax compliance at the time of qualification.